IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 19 1996

Michael N. Milby, Clerk

| | | |
|---|---|---|
| EDWARD ALCALA, et al., | § | CIVIL ACTION NO. **B-96-203** |
| Plaintiffs, | § | |
| vs. | § | **MOTION FOR PROTECTIVE ORDER** |
| ALEX PEREZ, in his official capacity as Sheriff of Cameron County, Texas and Cameron County, Texas, | § | |
| Defendants. | § | |

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiffs hereby file this motion for protective order and in support of said motion would respectfully show the following:

1. This is an action by approximately 208 sheriff's office employees for overtime pay. Plaintiffs also bring this action as a collective action on behalf of present and former employees of the Sheriff's Department who have not been properly paid overtime.

2. This suit was filed on the 8th day of November, 1996 against the Sheriff in his official capacity and Cameron County. Neither the Sheriff nor the County has filed an answer as of November 18, 1996.

3. On November 15, 1996, Cameron County sent out a questionnaire apparently to each county employee, including all of the named plaintiffs and other sheriff's department personnel requesting information from each plaintiff directly relating to the above overtime lawsuit. Copy of Cameron County Position Analysis Questionnaire attached as Exhibit 1.

4. For example, Question I. H. asks if the employee is required to be "on call". Under the Fair Labor Standards Act this is a term of art with significant legal ramifications. Question I. I. asks for assigned work hours. The main point of this action is that officers are not paid for the hours worked over their assigned work hours and that no records of the hours worked over their regular worked over shift are kept. Significant legal analysis is required to understand the concept of *hours worked*. Question II. relates to time spent on various tasks another key question in this lawsuit.. Question V. relates to who is supervised and who does the supervising. The first two elements relate to the question of whether or not the Sheriff and the County allowed or did not allow employees to earn overtime while it was not being recorded, i.e., did the Sheriff permit or suffer employees to work. The last element relates directly to a supervisory exemption under the FLSA which the county attorney has already said that he will urge in this Court. Question V. B. is directly related to this exemption from overtime which requires significant legal analysis as applied to the facts to determine the exemption.

5. This questionnaire disseminated by the County and which the County ordered all employees to answer by Wednesday, November 20, 1996 is nothing more than an ex parte interrogatory to the named plaintiffs and potential collective action members sent to the plaintiffs by passing their counsel and for the purpose of obtaining information from plaintiffs and collective members which will be used to commit them to a factual position without benefit of legal advice.

2

6. Persons unsophisticated in the legal significance of what their answers may imply or who are not sufficiently focused on detail or have insufficient interest in their answers may commit themselves to positions which have no relationship to the realities of the work place.

7. The county attorney has denied his responsibility for the questionnaire, however, the county attorney has also said that he would not commit to not using or reviewing the questionnaires.

8. Furthermore, the problems that exist for the plaintiffs in terms of this questionnaire also exist for potential members of the collective action who may answer in haste without attention to detail and without legal advice.

9. The questionnaire is likely to interfere with the plaintiffs' ability to prosecute their case and will likely make plaintiffs' factual presentation more difficult and confusing in light of the defendants' failure to keep proper time records.

10. The questionnaire is nothing more than an ex parte contact with the plaintiffs without benefit of counsel and the defendants should be ordered not to disseminate the questionnaire until after notice is sent to the potential collective members and discovery is completed.

**WHEREFORE,** plaintiffs pray that this Court order that the defendants cease disseminating the questionnaire until after discovery and notice is sent to potential collective members.

3

Respectfully submitted,

BY: _George P. Powell_ by permission Patrick Hinojosa
GEORGE P. POWELL
State Bar No. 1619600
**Hinojosa & Powell, P.C.**
5921 N. 23rd
McAllen, Texas 78504
210-686-2413
Fax No. 210-686-8462

## CERTIFICATE UNDER RULE 6(b)

Please be advised that Patricia Hernandez, attorney for the plaintiffs contacted Richard Burst, attorney for defendants, on November 19, 1996, and informed him that she was filing a motion for protective order in the above case and Mr. Burst said he was opposed to the motion.

## CERTIFICATE OF SERVICE

I, PATRICIA HERNANDEZ, do hereby certify that on this the 19th day of November, 1996, I caused to be hand-delivered a true and correct copy of Plaintiffs' Motion for Protective Order to defendants' attorney of record:

Mr. Richard O. Burst
Cameron County District Attorney's Office
974 E. Harrison Street
Brownsville, Texas 78520

PATRICIA HERNANDEZ

4