

United States District Cou
Southern District of Texas
FILED

DEC 1 3 1996

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EDWARD ALCALA, et al., §
§        CIVIL ACTION NO. **B-96-203**
Plaintiffs,              §
§
vs.                      §        **MOTION TO PROVIDE NOTICE**
§        **TO COLLECTIVE ACTION**
ALEX PEREZ, in his official capacity as §    **MEMBERS AND TO REQUIRE**
Sheriff of Cameron County, Texas and   §    **DISCLOSURE OF POTENTIAL**
Cameron County, Texas,   §        **COLLECTIVE ACTION MEMBERS**
§
Defendants.              §

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME plaintiffs in the above cause and file this motion for notice to potential

collective action members and to require disclosure of potential collective action members

and in support of said motion would respectfully show the following:

### FLSA COLLECTIVE ACTION

1. In their complaint, plaintiffs have alleged that the County defendants have engaged

in a pattern and practice of depriving sheriff's department employees of overtime wages

through various systemic practices.

2. Plaintiffs have brought this action to recover unpaid overtime wages to which they

may be entitled under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201

et seq.

3.   The FLSA provides that similarly situated persons may assert their claims collectively by filing a written consent in the court in which the case is pending.  29 U.S.C. § 216(b).

4.   Persons similarly situated to the plaintiffs include those persons who worked as detention officers, deputy sheriffs, patrolmen, investigators, classification and booking officers, transportation/extradition officers, and others who worked for the sheriff's department from April 15, 1986 to the present.  In April of 1986, the Fair Labor Standards Act was amended to require overtime pay for law enforcement personnel, either in the form of extra wages or in the form of compensatory time.  Many of the alleged illegal systemic practices engaged in by the defendants relate to failure to record or allow compensatory time or overtime to the plaintiffs and those similarly situated.

5.   The following are some of the systemic practices which the defendants have engaged in which affect either all or discrete sub-groups of the plaintiffs:

   A.   Failure to pay overtime for 15 minutes before and after shift for briefing and debriefing;

   B.   Failure to record and pay overtime for pre-shift or post-shift cell checks;

   C.   Failure to record and pay for post-shift head counts;

   D.   Failure to record and pay over-shift time for patrol officers;

   E.   Failure to record and pay overtime for post-shift waiting time for TDC bus pick ups;

   F.   Failure to record and pay investigators for over-shift work hours;

2

G.    Failure to pay straight time for all time worked within the designated work period;

H.    Failure to pay reserve deputies (mostly detention officers) for 16 hours or more per month of patrol car riding time; and,

I.    Failure to record and pay overtime to extradition officers.

6.  More than two hundred plaintiffs were named in the plaintiffs' original petition. There may be at least three hundred other sheriff's department employees and former employees who may be eligible to recover in this collective action.  Each plaintiff or potential plaintiff has been deprived of overtime wages as a result of one or more of these practices.

7.  This court's assistance in facilitating notice to potential claimants to provide them with an opportunity to "opt in" to this collective action by filing a consent to sue is necessary and proper and would promote the efficient resolution in one proceeding of common claims arising from the same alleged unlawful practices by the defendants.

8.  A federal district court should take an early active role in the notice process to ensure that all potential plaintiffs in a collective § 216(b) action have the opportunity to "opt in".  In *Hoffmann-LaRoche, Inc. vs. Sperling,* 493 U.S. 165 (1989), the Court noted that collective actions under § 216(b) served to lower the individual costs of litigation, promote judicial efficiency for the resolution "in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity."  The benefits "depend upon employees receiving accurate and timely notice concerning the pendency of the collective action, so they can make informed decisions about whether to participate."  The Court further

3

held that district courts have full managerial authority and responsibility to oversee the joinder of parties to ensure efficient implementation of the statute.

9. Because limitations may be running as to each employee or former employee who has not become a named plaintiff or who has not filed a consent to sue wages which may be lost as each day goes by. Because it would be very beneficial to both the plaintiffs and defendants to know at the onset the universe of employees with which the parties may be dealing, it is important for the court to now become involved in the notice aspects of this case to protect the interests of potential claimants and to seek the efficient processing of this case from its inception.

## DISCLOSURE OF NAMES AND LAST KNOWN ADDRESSES

10. While Rule 23 F.R. Civ. P. class action procedures are not available in a standard FLSA action, plaintiffs submit that the most practicable notice available would be a direct mailing to the last known address of each employee and former employee of the sheriff's department since April 15, 1986. Obviously the defendants are in exclusive control of this information which is required to provide the best notice practicable to the potential claimants of this pending action and without which the plaintiffs cannot provide direct notice. It is plaintiffs' intention to direct mail the notice attached hereto as Exhibit A to all persons identified as having been employed by the Cameron County Sheriff's Department since April 15, 1986.

11. Neither the parties nor the court can discern the scope of the defendant's potential liability until the size of the class has been determined.

4

**WHEREFORE,** plaintiffs pray that this court treat this action as a collective action under § 216(b) of the Fair Labor Standards Act and approve the attached form of notice to employees and former employees as potential collective action members and that the defendants be required to disclose and produce the name and last known address of each present and former employee of the sheriff's department employed since April 15, 1986.

Respectfully submitted,

BY: _____

GEORGE P. POWELL
State Bar No.  1619600
**Hinojosa & Powell, P.C.**
5921 N. 23rd
McAllen, Texas  78504
210-686-2413
Fax No.  210-686-8462

JAMES A. HERRMANN
State Bar No.  09541500
802 E. Harrison, Ste. 14
P. O. Box 2541
Harlingen, Texas  78551-2541
(210) 421-5776
Fax No.  (210) 421-5779

PATRICIA HERNANDEZ
State Bar No. 00790874
Law Office of Joe Valle
1120 East Tenth Street
Brownsville, TX  78520
(210) 546-2829
Fax No.  (210) 542-4084

Attorneys for Plaintiffs

5

## CERTIFICATE UNDER RULE 6(b)

Please be advised that I spoke with Richard Burst, attorney for the defendants on Monday, December 09, 1996 and inquired if he opposed plaintiffs' motion to provide notice to collective action members and to require disclosure of potential collective action members in the above case and Mr. Burst was opposed to the motion.

JAMES A. HERRMANN

## CERTIFICATE OF SERVICE

I, JAMES A. HERRMANN, do hereby certify that on this the 10th day of December, 1996, I caused to be mailed a true and correct copy of Plaintiffs' Motion to Provide Notice to Collective Action Members and to Require Disclosure of Potential Collective Action Members to defendants' attorney of record:

Mr. Richard O. Burst
Cameron County District Attorney's Office
974 E. Harrison Street
Brownsville, Texas 78520

JAMES A. HERRMANN