IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| EDWARD ALCALA, et.al., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NUMBER B-96-203 |
| ) | |
| ALEX PEREZ, in his official capacity ) | |
| as Sheriff of Cameron County, Texas, ) | |
| and CAMERON COUNTY, TEXAS, ) | JURY DEMAND |
| Defendant.) | |

United States District Court
Southern District of Texas
FILED

DEC 20 1996

Michael N. Milby
Clerk of Court

## ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Cameron County (one and the same as Alex Perez in his official capacity, hereinafter referred to as "County" or "Cameron County") for its Answer states:

### FIRST DEFENSE

1. County admits that Plaintiffs' action is brought under the Fair Labor Standards Act, 29 U.S.C. sec 201 et seq (FLSA). County notes there are two hundred and ten (210) named Plaintiffs and without more specific averments as to what each Plaintiff is claiming, County will only be able to answer generally until after extensive discovery. In open court on December 18, 1996, because of the number of Plaintiffs, by agreement of the parties, the Court granted each party six (6) months in which to amend the Original Complaint or the this Answer. At this time County is without sufficient information to admit or deny which Plaintiffs, if any, have performed overtime without compensation. County denies that as to most if not all of the Plaintiffs that they are entitled to overtime pay or "compensatory" pay for all hours worked over forty hours per week; County states that most, if not all, Plaintiffs are on a one hundred seventy-one hour/twenty-

1

eight day work period. County denies that Plaintiffs have been unlawfully denied overtime pay or compensatory time for hours worked during their work period. County states that if any Plaintiffs have not been compensated for all hours worked in a given work period, it has been by oversight or omission and not deliberate.

## SECOND DEFENSE

2.   County admits that Plaintiffs have federal question jurisdiction under 28 U.S.C. sec. 1331, but deny Plaintiffs have jurisdiction under 29 U.S.C. sec 216(b).

## THIRD DEFENSE

3.   County admits that most of the Plaintiffs are employees or former employees of Cameron County. Some have not been matched to County records by the name listed in the Complaint. For the Plaintiffs that have not been matched to County records, social security numbers have been requested.

## FOURTH DEFENSE

4.   Cameron County is a public entity that has employees hired in accordance with an approved budget by public officials such as the Sheriff. Under current law the FLSA applies to Cameron County.

## FIFTH DEFENSE

5.   Paragraph 5 of the Original Complaint is denied.

## SIXTH DEFENSE

6.   Paragraph 6 of the Original Complaint is denied. County admits that some department records are not consistent and some payroll clerks have not correctly calculated hours worked for overtime/compensatory time purposes.

2

## SEVENTH DEFENSE

7.      County admits that County Policy requires vacation time to be taken within the fiscal year earned, subject to an extension if a requested vacation is denied. The balance of Paragraph 7 of the Original Complaint is denied.

## EIGHTH DEFENSE

8.      Paragraph 8 of the Original Complaint is denied.

## NINTH DEFENSE

9.      Paragraph 9 of the Original Complaint is denied.

## TENTH DEFENSE

10.     Paragraph 10 of the Original Complaint is denied.

## ELEVENTH DEFENSE

11.     Paragraph 11 of the Original Complaint is denied.

## TWELFTH DEFENSE

12.     County admits that Plaintiffs are entitled to compensatory time at the rate of one and one half hours for each hour actually worked (excluding vacation time off, compensatory time off, sick leave taken, holidays off, etc.) over 171 hours in a given twenty-eight day work period. For any Plaintiff who has accrued compensatory time in excess of the maximum allowed by law such Plaintiff(s) are entitled to be compensated for those hours over the maximum at a rate of one and one half their hourly rate either at their current rate or at the rate at the time their employment terminated. The balance of Paragraph 12 of the Original Complaint is denied.

## THIRTEENTH DEFENSE

13.     The Prayer in the Original Complaint is denied.

## FOURTEENTH DEFENSE

14. Without admitting any of the acts and omissions alleged in the Original Complaint were committed, County alleges that any such acts and omissions were made in good faith and County had reasonable grounds for believing that any such alleged acts or omissions were not in violation of the FLSA.

## FIFTEENTH DEFENSE

15. Certain Plaintiffs were employed and/or are currently employed in either a bona fide executive and/or administrative capacity during the times alleged in the Original Complaint and therefore the provisions of the FLSA upon which these Plaintiffs rely do not apply.

## SIXTEENTH DEFENSE

16. Certain claims in the Original Complaint are barred by either the two or three year statute of limitations.

## SEVENTH DEFENSE

17. County specifically denies any willful violation of the FLSA.

## EIGHTEENTH DEFENSE

18. Plaintiffs employed as law enforcement personnel by the County are partially exempt for overtime or "compensatory" pay for all hours worked over 40 hours per week (160 hours per pay period) under Section 7(k) of the FLSA.

## NINETEENTH DEFENSE

19. Plaintiff's salaries compensated them for all hours up to the 171 hour overtime threshold and Plaintiffs have been compensated at a rate of at least time and a half for all hours worked in excess of the 171 hour overtime threshold.

4

WHEREFORE, premises considered Defendant prays Plaintiffs take nothing by this their lawsuit and that the same be dismissed at Plaintiffs' cost.

Respectfully,

> For Cameron County
> Cameron County Civil Legal Department
> 964 East Harrison Street
> Brownsville, Texas 78578
> (210) 550 1448
> (210) 544 0801 (Facimile)
>
> BY: _____
> Richard O. Burst
> Attorney In Charge
> Texas State Bar #00785586
> S.D. No. 15515
>
> Dylbia L. Jefferies
> Of Counsel
> Texas State Bar #00786516
> S.D. No. 17065

## CERTIFICATE OF SERVICE

I, Richard O. Burst do hereby certify that a true and correct copy of the foregoing Answer has been mailed to Plaintiff's Attorney, James R. Herrmann, 802 E. Harrison, Suite 14, Harlingen, Texas 78551-2541 on this _____ of December, 1996.

_____
Richard O. Burst