

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 2 1997

Michael N. Milby, Clerk

| | | |
|---|---|---|
| EDWARD ALCALA, et al. | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-96-203 |
| | § | |
| ALEX PEREZ, in his official capacity | § | |
| as Sheriff of Cameron County, Texas and | § | |
| CAMERON COUNTY, TEXAS, | § | |
|     Defendants | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO PROVIDE NOTICE TO COLLECTIVE ACTION MEMBERS AND
TO REQUIRE DISCLOSURE OF POTENTIAL COLLECTIVE ACTION MEMBERS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants and file this response to Plaintiffs' Motion for Notice to Potential Collective Action Members and to Require Disclosure of Potential Collective Action Members and in response to said motion would respectfully show the following:

1. Plaintiffs are seeking this action to go beyond the applicable statute of limitations. *See* Plaintiff's Motion ¶ 4 ("[p]ersons similarly situated to the plaintiffs . . . who worked for the sheriff's department from April 15, 1986 to the present"). The applicable statute of limitations for "nonwillful" violations is two years from the filing of the Complaint and three years for a "willful" violation. 29 U.S.C. ¶ 255(a). ***See also, McLaughlin v. Richland Shoe***, 486 U.S. 128, 108 S.Ct., 1677 (1988) ("willful" standard). Therefore, the maximum period the Defendants may be liable for alleged unpaid

1

overtime pay under the Act is for a three-year period beginning on November 8, 1993. Accordingly, any notice and disclosure should be limited to present and former employees of the Defendant sheriff's department employed since November 8, 1993 only. S*ee Roman v. Korson,* *152 F.R.D. 101, 111-112 (W.D. Mich. 1993)* (court refused to order an "opt-in" notice to those persons who worked more than three years before the FLSA action commenced because "the court will not waste its own time seeking to include employees who, apparently, would lose on summary judgment").

2. Plaintiffs' Notice of Collective Action is deficient in a number of respects. The Defendants propose the attached notice adapted from this Court's decision in ***Riojas v. Seal Produce, Inc.,*** *82 F.R.D. 613, 621-622 (S.D. Tex. 1979)* and ***Johnson v. American Airlines, Inc.,*** *531 F. Supp. 957, 966-967 (N.D. Tex. 1982)*, which is attached hereto as Exhibit A.

The Defendants propose the notice have a 45-day cut-off date to expedite disposition of the case. ***See Hoffman-LaRoche, Inc. v. Sperling,*** *493 U.S. 165, 172 (1989)* ("court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and <u>setting cut-off dates</u> to expedite disposition of the action") (emphasis added); ***Sperling v. Hoffmann-LaRoche, Inc.,*** *118 F.R.D. 392 (D.N.J. 1988) (45 days), aff'd in rel. part, 862 F.2d 439 (3d Cir. 1988), aff'd 493 U.S. 165 (1989)* (Third Circuit and U.S. Supreme Court affirmed this district court's discretion without themselves reviewing the terms of the notice).

The Defendants object to the Court issuing the notice instead of the Plaintiffs or Plaintiffs' counsel with the content specified by the Court. ***See Sperling v. Hoffmann-LaRoche, Inc.,*** *118 F.R.D. 392, 404 (D.N.J. 1988)*. Unlike ***Riojas,*** *82 F.R.D. at 619*, there has been no special need shown by the Plaintiffs for the Court to send out the notice to the class instead of the Plaintiffs.

Judge Posner, writing for the Seventh Circuit in ***Woods v. New York Life Ins. Co.,*** *686 F.2d*

*578 (7th Cir. 1982)*, addressed whether a district judge has the power to notify the people who might want to join as plaintiffs in a so-called "spurious" class action under § 16(b) of the Fair Labor Standards Act and, if so, how the judge should exercise that power:

> [W]e think it improper for the district court to direct that the notice go out on its letterhead, over the signature of the clerk of court or other judicial officer. We can think of no good reason for apparent judicial sponsorship of the notice, at a stage in the litigation when there has been no determination that the plaintiff's allegations have any merit; and we can think of a good reason against it, which is that the judicial imprimatur is likely to be misunderstood as representation that the suit probably has merit. At oral argument the plaintiffs' counsel stated that he wanted the imprimatur in order to shield himself from a possible complaint under state law that he was trying to stir up litigation; but if the notice is approved by a federal court under the authority that we hold it has by virtue of section 16(b) of the Fair Labor Standards Act, any effort by the state to punish the lawyer who mails the notice would violate the supremacy clause of the United States Constitution. It is the court's order, not its letterhead or its clerk's signature, that provides the lawyer with immunity from a state's efforts to prevent communications authorized by section 16(b). Indeed the order may be unnecessary; section 16(b) of its own force may preempt state laws that operate to prevent the representative plaintiff or his counsel from communicating with other (actual or potential) class members; such laws even raise First Amendment problems, *cf. Bates v. State Bar of Ariz., 433 U.S. 350, 375-76, 97 S.Ct. 2691, 2704-05, 53 L.Ed. 2d 810 (1977).* But we need not decide these questions in this case.

686 F.2d at 581. Circuit Judge Eschback, in dissent, cited to this Court's decision in *Riojas, supra*, to support his opinion "that the format of the notice, including the signature under which the notice is to be sent, is a detail that is best left to the discretion of the district court." *Id. at 582.*

Defendants further request that this notice be limited to those former and current employees who are "similarly situated' to the Plaintiffs. The FLSA does not define the "similarly situated" standard. This Court has defined to be "similarly situated" that the position need not be identical, but only similar. *Riojas, 82 F.R.D. at 616.* Thus, the notice should not be mailed to all employees of the Sheriff's Department since they are all not similarly situated to the Plaintiffs. *See Tucker v. Labor*

3

*Leasing, Inc.*, 872 F. Supp. 941, 947-949, (N.D. Fla. 1994) (payment by the same entity does not entitle one to similarly situated status); *Dybach v. State of Florida Dept. of Corrections*, 942 F.2d 1562 (11th Cir. 1991) (Eleventh Circuit requires a determination that persons are similarly situated "with respect to their job requirements and with regard to their pay provisions" when deciding whether persons are similarly situated under FLSA).

Respectfully submitted,

Commissioners Court Civil Legal Department
964 E. Harrison Street
Brownsville, Texas 7820
(210) 550-1448
(210) 544-0801 (facsimile)

BY: _____
Richard O. Burst
Attorney in Charge
Texas State Bar #00785586

## CERTIFICATE OF SERVICE

I, Richard O. Burst, do hereby certify that on this ___ day of _____, 19__ I caused to be mailed a true and correct copy of Defendant's Response to Plaintiffs' Motion to Provide Notice to Collective Action Members and to Require Disclosure of Potential Collective Action Members to Plaintiffs' attorneys of record:

James A. Herrmann
802 E. Harrison, Suite 14
P.O. Box 2541
Harlingen, Texas 78551-2541
(210) 421-5776
(210) 421-5779 (fax)

4

BY:_____
    Richard O. Burst

5

# EXHIBIT "A"

## NOTICE TO ALL PERSONS WHO WERE EMPLOYED BY THE SHERIFF'S DEPARTMENT OF CAMERON COUNTY, TEXAS FOR THE PERIOD OF NOVEMBER 9, 1993 TO PRESENT

A lawsuit has been filed in the United States District Court for the Southern District of Texas, Brownsville Division, by 210 persons against Alex Perez, in his official capacity as Sheriff of Cameron County, and Cameron County, Texas. These individuals claim they have been unlawfully denied overtime pay or compensatory pay for hours worked over 40 hours per week at a rate of one and one-half times their hourly rate of pay. These workers seek an equal amount as liquidated damages under the Fair Labor Standards Act. ("FLSA").

If you were employed by the Cameron County Sheriff's Department during the period of November 8, 1993 through the present, and you believe that you were not compensated for any and all overtime hours worked, then you may make a claim to recover unpaid wages and overtime pay. It is entirely your own decision whether or not to do so and, if you elect to become a party plaintiff, whether you prefer to be represented by the present plaintiffs' attorneys[1] or by an attorney of your choosing. If you file a consent through a separate attorney, your Notice of Consent should be under the caption of the case as listed above, should contain your name, address, telephone number, period during which you were employed by the Cameron County Sheriff's Department, date of signing and signatur, and should state: "I hereby consent to be a party plaintiff in this case."

---

[1]George P. Powell, State Bar No. 1619600, Hinojosa & Powell, P.C. 5921 N. 23rd, McAllen, TX 78504 (210) 686-2413, Fax No. (210) 686-8462; James A. Herrmann, State Bar No. 09541500, 802 E. Harrison, Ste. 14, P.O. Box 2541, Harlingen, TX 78551-2541 (210) 421-5776, Fax. No. (210) 421-5779; Patricia Hernandez, State Bar No. 00790874, Law Office of Joe Valle, 1120 East Tenth Street, Brownsville, TX 78520, (210) 546-2928, Fax No. (210) 542-4084.

As already stated, you are not required to join in this case by filing your consent or to take any action unless you want to. It is completely voluntary. However, your determination whether or not to take an action should be made promptly. Unless a Notice of Consent is actually filed with the Court on or before [45 days subsequent to the issuance of the Court's order approving notice], you will not be permitted to join this case.

If you do not file a consent for and join in this case, you will not receive any back wages or overtime pay or other relief from the case if the Plaintiffs prevail here. Any such relief would be attainable by you only if you proceed by bringing an independent action within the time provided by law.

If, however, you decide to join this case by filing your consent, you will be bound by the judgment of the Court on all issues of the case, whether it is favorable or unfavorable to you.

This notice is for the sole purpose of determining the identity of those persons who wish to be involved in this case. Although the Court has authorized the sending of this notice, there is no assurance at this time that the Court will grant any relief in this case.

The FLSA prohibits anyone from discriminating or retaliating against you if you choose to take part in this case.

                EDWARD ALCALA, et al.

        BY:_____
                One of their Attorneys

This notice has been authorized by the Honorable _____
_____, the Judge to whom the case is assigned.