IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 27 1998

Michael N. Milby
Clerk of Court

| | |
|---|---|
| EDWARD ALCALA, et.al., ) | |
| Plaintiffs, ) | |
| ) | |
| v ) | CIVIL ACTION NUMBER B-96-203 |
| ) | |
| ALEX PEREZ, in his official capacity ) | |
| as Sheriff of Cameron County, Texas, ) | |
| and CAMERON COUNTY, TEXAS, ) | JURY DEMAND |
| Defendant. ) | |

## MOTION TO COMPEL

Defendant asks the Court to compel Plaintiffs to file responses to Defendant's discovery requests.

1.  Two hundred and fifteen, plus, Plaintiffs sued Defendant alleging that each Plaintiff is due addition compensation or comp-time under the Fair Labor Standards Act.

2.  The Original Complaint is very general. Defendant elected not to file for more definite statement, but to pursue information through discovery.

3.  The County Auditor's Office performed an audit using County Records of all Plaintiff's known at the time. The results of this audit were provided to Plaintiffs' Counsel on December 5, 1996, and were supplemented on March 27, 1997.

4.  The records audited by the County Auditor's Office were made available to Plaintiffs' Attorneys.

5.  Seventeen interrogatories and eleven requests for production for each employee for each Plaintiff were sent to Plaintiffs' Attorneys so the each Plaintiff's claim could be evaluated. They

1

were mailed certified, with a return receipt requested. They were signed for on January 29, 1997 A copy of the interrogatories and requests for production without introductory comment or definitions is attached and made part of this motion.

6. Plaintiffs' Counsel requested and was given an additional forty-five days to respond. Such extension was confirmed in writing. The responses or objections were due April 13, 1997.

7 No responses have been received as of this date.

8. No objection to the interrogatories or to the production requests were timely made. No objection has been received as of this date.

9 Defendant's counsel has, in good faith, conferred with Plaintiffs's counsel regarding their failure to respond. The parties have been unable to reach an agreement without court action. The conference took place in front of the magistrate judge's clerk on May 8, 1998.

10. Plaintiffs' noncompliance with the discovery request impedes Defendant's discovery efforts, prevents effective trial preparation, and conceals relevant facts. More importantly, there are over two hundred fifteen Plaintiffs; each have different factual claims; in order to evaluate each Plaintiff for settlement potential Defendant requires specific information of each Plaintiff's claim.

11. Because Defendant's requests are proper and because Plaintiffs refused to comply with the rules, the Court should compel Plaintiffs to respond and should award Defendant attorney fees incurred in preparing this motion and attending a hearing.

WHEREFORE, Defendant asks the Court to compel Plaintiffs to file responses to its interrogatories and requests for production. Defendant also asks the Court to order Plaintiffs to pay attorney fees.

Respectfully,

For Cameron County
Cameron County Civil Legal Department
964 East Harrison Street
Brownsville, Texas 78578
(956) 550 1345
(956) 550 1348 (Facsimile)

BY: _____
Richard O. Burst
Attorney In Charge
Texas State Bar #00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786516
S.D. No. 17065

## CERTIFICATE OF SERVICE

I, Richard O. Burst do hereby certify that a true and correct copy of the foregoing Motion has been mailed to Plaintiff's Attorney, James R. Herrmann, P.O. Box 2541, Harlingen, Texas 78550-2541 on this 27 of May, 1998.

_____
Richard O. Burst

3

## INTERROGATORIES

<u>Interrogatory No. 1</u>: State your full name, present address, Social Security Number and any aliases under which you have operated.

<u>Answer:</u>

<u>Interrogatory No. 2</u>: Identify all persons who have knowledge or information related to <u>your</u> claim that <u>you</u> have been unlawfully denied your overtime pay or compensatory time in violation of the Fair Labor Standards Act.

<u>Answer:</u>

<u>Interrogatory No.3</u>: State the number of hours and the date for each date <u>you</u> allege you worked overtime for which the Defendant allegedly did not give <u>you</u> credit for overtime/compensatory time.

<u>Answer:</u>

<u>Interrogatory No. 4</u>: Identify all documents which <u>you</u> claim support the allegation that Defendant unlawfully denied <u>you</u> compensatory time or failed to pay you overtime compensation in violation of the Fair Labor Standards Act.

<u>Answer:</u>

<u>Interrogatory No. 5</u>: State the dates of each work period in which the Defendant allegedly failed to pay you overtime compensation, and further state for each such work period:
 a) Your regular rate of pay;
 b) The number of hours actually worked ("actually worked" means hours worked excluding holidays you did not work, compensatory time off, vacation time off, and sick leave off over 171 hours in a work period).
 c) The number of overtime hours worked;
 d) The dollar amount you are claiming for each such work period.

<u>Answer:</u>

<u>Interrogatory No. 6</u>: Identify all persons with knowledge or information relating to your allegation in Paragraph 6 of the Complaint as it relates to <u>you</u>, only.

<u>Answer:</u>

<u>Interrogatory No. 7</u>: Identify all persons with knowledge or information relating to your allegation in Paragraph 7 of the Complaint as it relates to <u>you</u>, only.

5

Answer:

Interrogatory No. 8: Name the person or persons who coerced and forced you to use compensatory time when you were sick, and state the approximate date of each such occurrence.

Answer:

Interrogatory No. 9: Name the person or persons who coerced and forced you to use compensatory time when you requested vacation time, and state the approximate date of each such occurrence.

Answer:

Interrogatory No. 10: Name the person or persons who have intimidated and harassed you for trying to submit overtime hours, state the approximate date of each such occurrence and state what such person or persons so named did to intimidate or harass you.

Answer:

Interrogatory No. 11: Name the person or persons who have threatened your job for trying to submit overtime hours, state the approximate date of each such occurrence and state what such person or persons so named did to threaten your job.

Answer:

Interrogatory No. 12: Identify all persons with knowledge or information related to Paragraph 6 of your Complaint that "Plaintiffs have been intimidated and harassed and in some instances jobs threatened for trying to submit overtime hours worked.

Answer:

Interrogatory No. 13: Identify all persons with knowledge or information related to Paragraph 7 of your Complaint that "Plaintiffs have been coerced and forced to use these [compensatory] hours when they have been sick or have wanted to go on vacation."

Answer:

Interrogatory No. 14: State the name of the person or persons who prohibited you from taking compensatory time off, and the approximate dates you were so prohibited.

Answer:

Interrogatory No. 15: State whether you or someone acting on your behalf obtained any written statements in connection with this controversy. If so, state the name, current or last known address

6

and job title of each person giving a statement, the date of each statement obtained, and the name, present or last known address and job title of the person or persons having custody of any statement so obtained.

Answer:

Interrogatory No. 16: State the name, last known address and telephone number of each and every person who has at any time made recorded statements which are in the possession of the Plaintiffs concerning the occurrences set forth in Plaintiffs' Complaint and state whether said recorded statements have been reduced to writing, tape recording or video tape.

Answer:

Interrogatory No. 17: State the name and address of each expert witness who you intend to call at the trial of this cause and state the subject matter upon which said expert will testify and whether said expert will testify and whether said expert has prepared any documents and state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

Answer:

Request For Production No. 1: Any and all documents identified in Plaintiff's Answers to Interrogatories.

Response:

Request For Production No. 2: Any and all logs, journals, diaries or other documents maintained by you at any time during the course of your employment with Cameron County.

Response:

Request For Production No. 3: Any and all documents relating to your employment by Cameron County including, but not limited to, documents related to the terms and conditions of that employment.

Response:

Request For Production No. 4: Any and all documents relied upon by you, or of which you have knowledge, in support of the claim that you were unlawfully denied overtime compensation in violation of the Fair Labor Standards Act.

Response:

7

Request For Production No. 5:    Any and all documents relating to Paragraph 5 of the Complaint that: "Over the years the defendants have had a policy of promising compensatory time in lieu of paying overtime for hours worked in excess of forty hours per week, i.e., the employee would be entitled to take off one and one half hours for each hour worked in excess of forty hours per week or be paid for the overtime that employees have worked."

Response:

Request For Production No. 6:    Any and all documents relating to Paragraph 6 of the Complaint that: "Plaintiffs have been intimidated and harassed and in some instances jobs threatened for trying to submit overtime hours to the county."

Response:

Request For Production No. 7:    Any and all documents relating to Paragraph 6 of the Complaint that: "The Defendants have been aware of the above problems regarding overtime hours and have failed to comply with Federal laws regarding record keeping and compensation."

Response:

Request For Production No. 8:    Any and all documents relating to Paragraph 7 of the Complaint that: " The overtime hours that Plaintiffs have bee allowed to submit and accumulate have often been taken or used by the Plaintiffs due to coercion from the Defendants."

Response:

Request For Production No. 9:    Any and all documents relating to Paragraph 7 of the Complaint that: "Plaintiffs have been coerced and forced to use these hours when they have been sick or have wanted to go on vacation."

Response:

Request For Production No. 10:    Any and all documents relating to Paragraph 8 of the Complaint that: "The Defendants have operated their compensatory time program in such a manner as to deny the Plaintiffs their compensatory time or overtime pay for all hours worked."

Response:

Request For Production No. 11:    Any and all documents relating to Paragraph 9 of the Complaint that: "Defendants have prohibited the Plaintiffs from taking compensatory time off...."

Response:

8