180

United States District Court
Southern District of Texas
FILED

FEB 0 1 1999

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDWARD ALCALA, et al., | § | |
| | § | CIVIL ACTION NUMBER |
| Plaintiffs, | § | |
| | § | B-96-203 |
| vs. | § | |
| | § | |
| ALEX PEREZ, in his official capacity as | § | |
| Sheriff of Cameron County, Texas and | § | |
| Cameron County, Texas, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
## AND BRIEF IN SUPPORT THEREOF

Plaintiff Patrol Deputies, Investigators, and Detention Officers claim overtime wages against the Sheriff and Cameron County. Plaintiffs claim that the defendants had several practices and policies which resulted in uncompensated overtime.

During relevant periods of time, the defendants have claimed a <u>partial overtime exemption</u> provided in § 7(k) of the Act. 29 U.S.C. § 707(k). This partial exemption provides that before a law enforcement employee is entitled to overtime wages or compensatory time in lieu of overtime wages, he or she must work 171 hours in a twenty-eight (28) day work period. Cameron County has taken the language of this partial overtime exemption to mean that law enforcement personnel are <u>required</u> to work 171 hours in a twenty-eight (28) day work period. In order to establish a regular hourly wage rate, Cameron

County divides the amount of wages earned in the twenty-eight (28) day work period by 171 to get a wage rate. In affect, what the County did when it went to the 171 hour work period was to reduce the amount of the hourly rate (dividing by 171 instead of 160) and obtained an extra eleven hours of work from the employee for no extra wages.

The County has further claimed that its law enforcement personnel are "salaried". Under the Fair Labor Standards Act, the term "salary" has a specific meaning. It is a fixed amount of pay which does not depend upon the quality or quantity of the amount of work performed and it must not be subject to disciplinary and some other deductions. 29 C.F.R. §§ 541.118 and 778.306.

As will be discussed below, at least for line personnel (non-supervisory and not subject to the Executive/Administrative exemptions), Cameron County law enforcement personnel are not salaried under the FLSA definition because their wages are subject to deduction for partial day absences and for disciplinary reasons. They are, therefore, hourly employees who are entitled to be paid for each hour they are employed, including the hours between 160 (their scheduled work period) and 171 hours (the hours they are required to work).

## CAMERON COUNTY SHERIFF'S EMPLOYEES ARE NOT EMPLOYED ON A SALARY BASIS

If the compensation of the salaried employees is reduced by the amount of their average hourly earnings for each hour lost by the employee, the employee is essentially employed on an hourly basis. Brock vs. Claridge, 846 F.2d 180, 185-186 (3rd Cir. 1988);

2

29 C.F.R. § 778.306. The United States Supreme Court has held that the salary element is destroyed and the exempt status is denied when "employees are covered by a policy that permits disciplinary or other deductions in pay as a practical matter," and, that standard is further met if there is either an actual practice of making such deductions or an employment policy that creates a "significant likelihood" of such deductions. <u>Auer vs. Robbins</u>, 137 L.Ed.2d 79, 90 (1997).

    Sheriff Alex Perez testified that if an employee is out of vacation time, sick leave, or comp time and missed a half day, he would be docked. Perez depo. p. 30. He further stated that employees were required to work 171 hours in the twenty-eight (28) days work period. Perez depo. p. 21. He further stated that the Cameron County Personnel Policies gave him the authority to suspend an employee without pay and that he had done so on several occasions. Perez depo. pp. 30-31. The Sheriff testified that he pretty much left the payroll and record keeping up to his secretary, Rosie Gomez, and to the County Auditor, Perez depo. p. 23, Robert Almon is Assistant County Auditor. Almon depo. p. 5. Mr. Almon also testified that the Sheriff's employees were required to work 171 hours and a record was kept of their comp time and if they worked less than 171 hours, comp time would be used to make up the difference. Almon depo. pp. 10, 11, 14, 25. The auditor's office determined the employee's hourly rate by dividing the salary by 171. Almon depo. p. 24.

    Rosie Gomez, the Sheriff's secretary and the person responsible for keeping the attendance record, stated that she derived an hourly rate by dividing 171 hours into the "salary" for law enforcement people and 160 hours into the "salary" for regular employees.

Gomez depo. p. 15. When an employee earned comp time, this information did not go to the auditor's office for payment because she was told by the auditor's office that the deputies did not have to list their comp time because they were not going to be paid for it. She was told simply to keep track of it on their activity logs. Gomez depo. pp. 19, 20. Rosie Gomez testified that as far as the auditor's office knew, the employee was paid a regular pay check for 171 hours "unless, of course, they were reprimanded or something." Gomez depo. pp. 26, 28, 29. She testified, as did the Sheriff, that if an officer took half a day off and he did not have comp time, vacation time, or sick leave, he would be docked. Gomez depo. pp. 35-36. She listed several officers, including herself, who actually were docked. Gomez depo. p. 36. She further testified that she would not allow comp time over 171 hours even if the employee was <u>scheduled</u> to be over 171. Gomez depo. p. 45.

Under <u>Auer vs. Robbins</u> and the cases coming before it, at least the non-supervisory employees of the Cameron County Sheriff's Department do not satisfy the salary test because their "salary" is subject to deduction for disciplinary reasons and they lose time credit for partial day absences or any other unexcused absence.[1]

---

[1] See <u>Spradlin vs. City of Tulsa, Oklahoma</u>, 95 F.3d 492 (10th Cir. 1996); <u>Avery vs. City of Telladega, Ala.</u>, 24 F.3d 1337 (11th Cir. 1994); <u>Hurley vs. State of Oregon</u>, 27 F.2d 392 (9th Cir. 1994); and, <u>Service Employees International Union Local 102 vs. County of San Diego</u>, 60 F.3d 1346 (9th Cir. 1994).

4

## CONCLUSION

There are no genuine issues of material fact as to whether non-supervisory line personnel are employed on a salary basis. They are not. Based on the cases and regulations cited above and the testimony of the defendant's employees, this Court should hold that the defendant's line employees are employed on an hourly wage basis.

**WHEREFORE,** plaintiffs pray that partial summary judgment be entered in their favor, that the defendant's line employees are employed on an hourly wage basis.

Respectfully submitted,

BY: _/s/ James A. Herrmann_
JAMES A. HERRMANN
State Bar No. 09541500
Fed. I.D. No. 3824
1205 E. Tyler Avenue
P O Box 2541
Harlingen, TX 78551-2541
(956) 421-5776
Fax No. (956) 421-5779

GEORGE P. POWELL
State Bar No. 16196000
Fed. I.D. No. 3849
"Attorney In Charge"
**HINOJOSA & POWELL, P.C.**
612 Nolana, Ste. 410
McAllen, TX 78504
(956) 686-2413
Fax No. (956) 686-8462

5

JOE VALLE  
State Bar No. 20435450  
Fed. I.D. No. 11422  
1120 E. 10th Street  
Brownsville, Texas 78520  
(956) 546-2829  
Fax No. (956) 542-4084  

PATRICIA A. HERNANDEZ  
State Bar No. 00790874  
Fed. I.D. No. 18085  
117 E. Price Rd.  
Brownsville, TX 78521  
(956) 541-9001  
Fax No. (956) 550-9553  

## CERTIFICATE UNDER RULE 6(b)

I have spoken with Richard O. Burst, attorney for defendants, and he opposes the plaintiffs' motion for partial summary judgment and brief in support thereof.

## CERTIFICATE OF SERVICE

I, JAMES A. HERRMANN, do hereby certify that on this the 29th day of January, 1999, I caused to be mailed a true and correct copy of Plaintiffs' Motion for Partial Summary Judgment to defendants' attorney of record:

Mr. Richard O. Burst  
**Legal Division Commissioners' Court**  
964 E. Harrison St.  
Brownsville, TX 78520  

*[signature]*  
JAMES A. HERRMANN  

6

STATE OF TEXAS § 
§
COUNTY OF CAMERON §

BEFORE ME, the undersigned authority, on this day personally appeared James A. Herrmann, who, by me, being duly sworn upon his oath, deposed and stated the following:

My name is James A. Herrmann. I am over the age of 20 and competent to make this affidavit. I am the attorney of record for defendants Edward Alcala, et al. in Civil Action No. B-96-203; *Edward Alcala, et al. vs. Alex Perez, in his official capacity as Sheriff of Cameron County, Texas and Cameron County, Texas*. The attached copies of the deposition pages of Sheriff Alex Perez, Rosa Gomez, and Robert Almon are true and correct copies of the original which they purport to be.

JAMES A. HERRMANN

SUBSCRIBED AND SWORN TO BEFORE ME, by the said James A. Herrmann, on this the 29 day of January, 1999, to witness my hand and official seal of office.

Notary Public In And For The State Of Texas

