United States District Court
Southern District of Texas
FILED

MAR 1 5 1999

Michael N. Milby
Clerk of Court

No. B 96-203

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EDWARD ALCALA, et al.
Plaintiffs

v.

ALEX PEREZ, in his official capacity as
Sheriff of Cameron County, Texas
and CAMERON COUNTY, TEXAS
Defendants

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND BRIEF IN SUPPORT

For Cameron County
Cameron County Civil Legal Department
964 East Harrison Street
Brownsville, Texas 78578
(956) 550-1345
(956) 550-1348 (Facsimile)

Richard O. Burst
Attorney in Charge
Texas State Bar #00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786516
S.D. No. 17065

## TABLE OF CONTENTS

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.   NATURE OF THE CASE AND UNDISPUTED FACTS . . . . . . . . . . . . . . . . . . . . . . . 1

II.  ISSUE TO BE RULED UPON . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. ARGUMENTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.   Standard For Summary Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.   Introduction  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    C.   7k Partial Exemption Does Not Require That Employees
       Be Paid On Salary Basis. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    D.   Plaintiff Are Not Hourly Employees. . . . . . . . . . . . . . . . . . . . . . . . . . 10

    E.   Overtime Accrues After 171 Hours In A 28-Day Work Period . . . . . 12

    F.   Plaintiffs Are Not Entitled to Any Compensation
       For Hours Worked Over 160 In A 28-Day Work Period. . . . . . . . . . . 14

IV.  CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

V.   REQUEST FOR RELIEF  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

TABLE OF CONTENTS TO APPENDIX  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

i

## TABLE OF CITATIONS

### Cases

*Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505 (1986) . . . . . . . . . . . . . . . . . . . . . . 6

*Ball v. City of Dodge City, Kansas*, 67 F.3d 897 (10th Cir. 1995) . . . . . . . . . . . . . . 14

*Celotex Corp. v. Catrett*, 106 S. Ct. 2548 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Crescent Towing & Salvage Co. v. M/V Anax*, 40 F.3d 741 (5th Cir. 1995) . . . . . 5

*Overseas Inns, S.A. v. United States*, 911 F.2d 1146 (5th Cir. 1990) . . . . . . . . . . . . 6

*York v. City of Wichita Falls, Texas*, 856 F.Supp. 1191 (N.D.Tex. 1994),
*aff'd,* 48 F.3d 919 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

### Regulations

29 C.F.R. § 553.211 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

29 C.F.R. § 553.230 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

29 C.F.R. § 553.231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

29 C.F.R. § 541.118 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

### Rules

F. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

### Statutes

Fair Labor Standards Act, 29 USC § 207(k) . . . . . . . . . . . . . . . . . . . . . . . 2, 4-10, 12-15

Fair Labor Standards Act, 29 USC § 213(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

## Other

*Wage & Hour Opinion Letter*, October 3, 1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Wage & Hour Opinion Letter*, October 22, 1987 . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Wage & Hour Opinion Letter*, May 6, 1994 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

iii

United States District Court
Southern District of Texas
FILED

MAR 1 5 1999

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDWARD ALCALA, et al., | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| V. | § | Civil Action B 96-203 |
| | § | |
| ALEX PEREZ, in his official capacity | § | |
| Sheriff of Cameron County, Texas and | § | |
| Cameron County, Texas, | § | |
| | § | |
| Defendants. | § | |

---

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND BRIEF IN SUPPORT

---

TO THE HONORABLE COURT:

Alex Perez, in his official capacity as Sheriff of Cameron County, Texas and Cameron County, Texas (collectively, "Cameron County"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, file this their Motion for Summary Judgment, Response to Plaintiffs' Motion for Partial Summary Judgment, and Brief in Support as follows:

I.
NATURE OF THE CASE AND UNDISPUTED FACTS

1.    This case involves an employment dispute.  Plaintiffs are current and former law enforcement officers employed by the Cameron County Sheriff's

Department. (See Plaintiffs' Motion for Partial Summary Judgment, p. 1). Plaintiffs claim that they are entitled to extra compensation for hours worked over 160, but less than 171, in a 28-day work period. (See Plaintiffs' Motion for Partial Summary Judgment). Defendants maintain that Plaintiffs are covered under Section 207(k) of the Fair Labor Standards Act, which provides that law enforcement officers are not entitled to overtime compensation unless they work over 171 hours in a 28-day work period. Both parties have filed Motions for Summary Judgment on this issue.

2. In late 1985, Cameron County established a 28-day working period for its law enforcement personnel. Rosemary Martinez was responsible for implementing the 28-day working period. By establishing the 28-day working period, law enforcement personnel would not be entitled to extra compensation or compensatory time off unless they worked over 171 hours in the 28-day work period. Additionally, the salaries of law enforcement personnel were not increased for working the 171 hours. (See Affidavit of Rosemary Martinez attached as Exhibit "A" and incorporated as if fully set forth herein).

3. During the relevant time period, Rosa Gomez ("Ms. Gomez") served as the payroll clerk for the Cameron County Sheriff's Department. As payroll clerk,

Ms. Gomez collected and verified time sheets for employees at the Cameron County Sheriff's Department. (Gomez depo. at 11-12)[1].

4.  As payroll clerk, Ms. Gomez did not calculate the wages each employee was to receive. (Gomez depo. at 15). Ms. Gomez did not have authority to deduct wages from an employee's paycheck. (See Rosa Gomez Affidavit, attached as Exhibit "C" and incorporated as if fully set forth herein).

5.  As long as employees turned in a time sheet, Ms. Gomez forwarded their payroll attendance worksheets to the Cameron County Auditor's office, which qualified them to receive a paycheck. Regardless of whether an employee worked 171 hours for the pay period, the employee would get paid his full regular check. (Gomez depo. at 26, 30; See Affidavit of Robert Almon, attached as Exhibit "D" and incorporated as if fully set forth herein).

6.  As law enforcement personnel, Plaintiffs received an annual salary. (See Affidavit of Robert Almon, attached as Exhibit "D"). Unless a specific grant existed, law enforcement personnel were not paid overtime for hours worked over 171 in the 28-day work period. Instead, they were given compensatory time off. (Gomez depo. at 18, 46).

---

[1]A copy of excerpted portions of Rosa Gomez' deposition is attached as Exhibit "B" and incorporated as if fully set forth herein.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
AND BRIEF IN SUPPORT                                                    Page 3
F-richardburst.wpd

7.      Ms. Gomez maintained the record of compensatory hours earned by law enforcement personnel. (Gomez depo. at 18-20). Because earned compensatory time was not compensated, compensatory time records were not forwarded to the Auditor's office. (Gomez depo. at 19-20). If compensatory time was taken by an employee, Ms. Gomez would delete it from her record. (Gomez depo. at 20).

8.      Ms. Gomez does not recall an instance where a law enforcement employee's salary was docked for absences of less than one day. (Gomez depo. at 35). While she recalls that several employees were suspended without pay, she does not know the reasons for their suspension. She believes that one employee was suspended for assault. (Gomez depo. at 36). Former Sheriff Alex Perez testified that he suspended an officer for improperly discharging his fire arm at another officer. (Perez depo. at 31)[2]. Additionally, Sheriff Perez suspended officers for assault and fighting with inmates. (Perez depo. at 31).

## II.
## ISSUE TO BE RULED UPON

The issue presented to the Court on Plaintiffs' Motion for Partial Summary Judgment and Defendants' counter Motion for Summary judgment is:

---

[2]A copy of excerpted portions of Alex Perez' deposition is  attached as Exhibit "E" and incorporated as if fully set forth herein.

---

Whether Plaintiffs are entitled to extra compensation for hours worked over 160 hours, but less than 171 hours, in a 28-day work period.

Based on the authorities cited below, it is clear that Plaintiffs fall under Section 207(k) of the Fair Labor Standards Act, which provides that law enforcement officers are not entitled to overtime pay unless they work over 171 hours in a 28-day work period. Section 207(k) does not require that law enforcement employees be paid a "salary" basis. Thus, Plaintiffs' argument that they are hourly wage earners is irrelevant in determining whether Section 207(k) exemption applies. That being the case, Plaintiffs' claim that they are entitled to extra compensation for hours worked less than 171 hours in a 28-day work period should be dismissed.

### III.
### ARGUMENTS AND AUTHORITIES

Based upon the undisputed facts recited above and the case law cited below, there is no genuine issue of material fact concerning Plaintiffs' entitlement to extra compensation for hours worked less than 171 hours in a 28-day work period. Accordingly, Plaintiffs's claim for extra compensation for hours worked in less than 171 hours in a work period should be dismissed.

A.    Standard For Summary Judgment

The standard for summary judgment is well settled. Rule 56 (c) of the Federal Rules of Civil Procedure requires that a court enter summary judgment, after adequate time for discovery and upon motion, against a party who fails "to

establish the existence of an element essential to that party's case, and as to which

that party will bear the burden of proof." *Celotex Corp. v. Catrett,* 106 S. Ct. 2548,

2552 (1986); *Crescent Towing & Salvage Co.  v.  M/V Anax,* 40 F.3d 741 (5th Cir.

1995). Indeed, the United States Supreme Court has stated that:

> Summary judgment procedure is properly regarded not as a
> disfavored procedural shortcut, but rather as an integral part of the
> federal rules as a whole, which are designed "to secure the just,
> speedy, and inexpensive determination of every action."

*Celotex,* 106 S. Ct. at 2555;  *See also, Overseas Inns, S.A. v. United States,* 911 F.2d

1146, 1148 (5th Cir. 1990) (entry of summary judgment mandatory where evidence

is lacking on material issue). Defendant, as the moving party, need only "point to"

the absence of a genuine issue of fact regarding any issue on which Plaintiff has

the burden of proof. *Celotex,* 106 S. Ct. at 2553. By contrast, Plaintiff, the non-

moving party with the burden of proof on the merits, must introduce sufficient

evidence to establish the existence of all elements essential to his case. *Anderson

v. Liberty Lobby, Inc.,* 106 S. Ct. 2505, 2511 (1986).

B.    Introduction

The Fair Labor Standards Act ("FLSA") requires that employees be paid at a

rate of time and one-half for hours worked over forty (40) in each work week.

However, Section 207(k) of the FLSA provides a partial exemption for public law

enforcement personnel by allowing them to work more than 40 hours per week

before overtime begins to accrue.  29 USC § 207(a) and (k).  Thus, in the 28-day work period established by Cameron County, law enforcement personnel are required to be paid overtime or earn compensatory time off[3] only when they work more than 171 hours in the work period.[4] 29 CFR § 553.230.  (Copies of all Code of Federal Regulations cited herein are attached as Exhibit "F").

Despite the fact that Cameron County has established a 28-day work period for its law enforcement personnel, Plaintiffs argue that they are entitled to extra compensation for hours worked over 160 (instead of 171) in a 28-day work period.  (See Plaintiffs' Motion for Partial Summary Judgment, p. 2).  As shown below, Plaintiffs' argument lacks legal support.

C.    7k Partial Exemption Does Not Require That Employees
      Be Paid On Salary Basis.

Section 207(k) does not require that law enforcement personnel be compensated on a "salary" basis.  Nor does it prohibit Cameron County from making deductions from employee wages.  By its express terms, Section 207(k) only requires that law enforcement personnel be allowed compensatory time off or be

---

[3]Law enforcement personnel may receive compensatory time off in lieu of overtime pay for hours worked in excess of the maximum set for their work period.  29 CFR § 553.231.

[4]If the work period set is less than 28 days, overtime compensation is required when the number of hours worked exceed the number of hours which bears the same relationship to 171 as the number of days in the work period bears to 28.  29 CFR §553.230(b).

paid overtime for each hour worked in excess of 171 hours in a given 28-day work period.  29 USC §207(k).

Contrary to Plaintiffs' assertion, Section 207(k) does not require that law enforcement personnel be paid on a "salary" basis to qualify for the partial overtime pay exemption.  Nonetheless, Plaintiffs argue that since other FLSA exemptions from overtime pay (such as the administrative, executive, and professional employee exemptions) require that employees be paid on a "salary" basis, that requirement must also be applied to Section 207(k) partial overtime exemptions.  As shown below, Plaintiffs' argument clearly lacks legal support.

First, Plaintiffs cannot point to any authority supporting their contention that public sector employers must pay its law enforcement employees on a "salary" basis in order to qualify for the Section 207(k) partial overtime pay exemption. Pursuant to Section 13(a) of the FLSA, the Secretary of Labor may define and delimit requirements for the white collar exemptions (i.e., administrative, executive, and professional employee exemptions). 29 USC § 213(a).  On that basis, the regulations expressly limit white collar exemptions to employees who are, among other things, paid on a "salary" basis.[5]  29 CFR §541.118.

---

[5]An employee is paid on a salary basis if he regularly receives a predetermined amount not subject to reduction because of variation in the quantity or quality of work performed.  29 CFR §541.118.

Significantly, no such authority to define and delimit requirements for Section 207(k) partial exemption was given to the Secretary of Labor. Instead, Section 207(k) merely provides that employees "in law enforcement activities"[6] are subject to the partial overtime pay exemption. 29 USC §207(k). Neither the FLSA nor regulations promulgated by the Secretary of Labor require that law enforcement personnel be paid on a "salary" basis to qualify for the partial exemption. Thus, Plaintiffs' argument that they are hourly wage earners is irrelevant in determining whether they qualify for partial over time exemption under Section 207(k). That being the case, Plaintiffs cannot show that they are entitled to extra compensation for hours worked less than 171 in the 28-day work period.

Numerous Department of Labor Opinions have stated that with regard to 207(k) partial exemptions, law enforcement personnel must be paid at least the minimum wage rate. However, there is no requirement that officers be paid a "salary" basis. *Wage & Hour Opinion Letter*, May 6, 1994 (Attached as Exhibit "G") (Police officers paid under Section 207(k) schedule must be paid at least statutory minimum wage); *Wage & Hour Opinion Letter*, October 3, 1985 (Attached as Exhibit "H") (Practice of providing police officers time off with pay when they have worked

---

[6]The regulations define a person engaged in "law enforcement activities" as an employee (1) who is a uniformed or plain clothed officer empowered by statute or local ordinance to enforce laws designed to maintain public peace and order and to protect life and property, and to prevent and detect crimes, (2) who has the power to arrest, and (3) who has or will undergo training or a course of instruction and study covering elements of police work. 29 CFR §553.211

less than applicable maximum hours standard is allowed if the wages paid, when dividing by the hours of work during the work period, average no less than the statutory minimum wage).

Additionally, the Court should not apply the "salary" basis requirement from white collar exemptions to the Section 207(k) exception because the two are clearly distinct. Employees who fall under the white collar exemption are not subject to the FLSA's minimum wage requirements and are not entitled to overtime pay. 29 USC §213. Conversely, Section 207(k) provides public employers with only a partial exemption from overtime pay until 171 hours is worked in a 28-day period. Any hours worked in excess of 171 must be compensated at a rate of time and a-half. Thus, since Section 207(k)'s partial exemptions are not comparable to the white collar exemptions, the Court should not transpose the "salary" basis requirement.

D.    Plaintiffs Are Not Hourly Employees.

Plaintiffs' summary judgment evidence fails to show that they were hourly wage earners. Thus, even if the Court were to assume that Section 207(k) partial exemption requires law enforcement personnel be compensated on a "salary" basis (which it does not), the evidence proffered by Plaintiffs does not support summary judgment.

Plaintiffs claim that they were hourly wage earning employees because (1) their salaries were subject to deductions for disciplinary reasons and (2) they lose time credit for partial day absences or other unexcused absences. (See Plaintiffs' Motion for Partial Summary Judgment, p. 4). However, Plaintiffs have wholly failed to introduce uncontroverted evidence to support their position. First, a fact issue exists as to whether deductions were improperly made from Plaintiffs' pay for disciplinary reasons. It is well established law that an employee will still be considered to be paid on a "salary" basis if penalties are imposed in good faith for infractions of safety rules of major significance. 29 CFR § 541.118(a)(5). The regulations state that safety rules of significance include those relating to the prevention of serious danger. *Id.*

Based on the depositions of Rosa Gomez[7] and former Sheriff Alex Perez, it is clear that officers were suspended for violations of safety rules. In fact, Sheriff Perez testified that he suspended an officer for improperly discharging his firearm at another officer (Perez depo. at 30). In another instance, Sheriff Perez suspended a deputy for fighting with an inmate. (Perez depo. at 31). These instances clearly show that Sheriff Perez properly suspended officers when they posed a danger to

---

[7]While Ms. Gomez testified that she was suspended without pay for voicing her opinion, she was employed as a payroll clerk, not as a law enforcement officer. Therefore, the reasons for her suspension cannot support Plaintiffs' contention that law enforcement personnel were subject to suspensions.

---

themselves or others.   At the very least, a fact issue exists as to whether the suspensions were imposed in good faith and whether the penalties were for violation of safety rules.

A fact issue also exists as to whether Plaintiffs were actually docked any pay for partial day absences.   Ms. Gomez, who served as the Sheriff's Department payroll clerk during the relevant time period, testified that she did not calculate the wages to be paid each officer. (Gomez depo. at 15).   Rather, it was Ms. Gomez' job to collect and verify time sheets. (Gomez depo. at 11-12).   She had no authority to make deductions from paychecks.   (See Rosa Gomez Affidavit attached as Exhibit "C").   As long as employees turned in a time sheet, Ms. Gomez forwarded their timesheets to the auditor's office as being qualified to receive a paycheck. Regardless of whether 171 hours were worked in the pay period, employees received full pay.   (Gomez depo. at 26, 30).   At the very least, Ms. Gomez' testimony shows that a fact issue exists as to whether Plaintiffs were docked pay for partial day absences.   That being the case, Plaintiffs have failed to show, as a matter of law, they were hourly wage earners.

E.   <u>Overtime Accrues After 171 Hours In A 28-Day Work Period.</u>

There is no legal basis to support Plaintiffs' claim that they are entitled to overtime compensation for time worked in excess of 160 hours in a 28-day work period. Section 207(k) expressly allows Cameron County to establish a work period

---

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
AND BRIEF IN SUPPORT
F-richardburst.wpd

Page 12

between 7 and 28 consecutive days for law enforcement personnel. Section 207(k) further provides a "partial exemption" from overtime payment by requiring overtime pay to accrue only when employees work over 171 hours in the 28-day work period. 29 USC §207(k). Since Cameron County established a 28-day work period for its law enforcement personnel, Plaintiff are not entitled to overtime compensation until they work over 171 hours in the work period.

In a case strikingly similar to the one at hand, the Secretary of Labor held that no additional compensation is owed to officers who worked more than 160 hours, but less than 171 hours, in a 28-day work period. *Wage & Hour Opinion Letter*, October 22, 1987 (A copy of which is attached in Exhibit "I"). In that case, the employer city elected a 28-day work period for the purpose of applying the provisions of Section 207(k). During the work period, officers were normally scheduled for twenty, 8-hour tours of duty, or a total of 160 hours for the work period. Because officers were required to report for a roll-call formation 15 minutes before the start of each 8-hour tour of duty, the issue presented was whether the additional five hours (20 x 1/4 hour) of work must be compensated. This is the exact same issue presented to this Court.

The Department of Labor opined that *no additional compensation was required for hours worked over 160, but less than 171 hours, in a 28-day work period.* In fact, it held that officers were "properly compensated under the FLSA

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
AND BRIEF IN SUPPORT
F-richardburst.wpd

Page 13

when, for any work period during which they have worked less than the applicable

maximum hours standard, they have received at least the minimum wage for all

of their hours worked." By way of example, the opinion further stated that an officer

who is paid at a rate of $10.50 an hour for 160 hours ($10.50 x 160 hours = $1,680) is

paid in compliance with the FLSA even though he or she actually works a total of

165 hours during a 28-day work period.  So long as wages paid to the officer for the

work period equals at least the statutory minimum wage, no further compensation

is required until the officer works in excess of 171 hours.  *Wage & Hour Opinion*

*Letter*, October 22, 1987.

Thus, there is no legal basis to support Plaintiffs' claim that they are entitled

to overtime compensation for time worked in excess of 160 hours in a 28-day work

period.  Neither the Department of Labor nor Section 207(k) require that police

officers receive extra compensation for hours worked less than the applicable

maximum hours in a work period.  Accordingly, Plaintiffs' claim for compensation

of hours worked over 160 but less than 171 in a 28-day work period fails as a matter

of law.

F.    Plaintiffs Are Not Entitled to Any Compensation
      For Hours Worked Over 160 In A 28-Day Work Period.

Cameron County did not violate the FLSA when it adopted the Section 207(k)

framework in late 1985 to take advantage of the partial overtime pay exemption

for law enforcement employees. Rosemary Martinez testified that in late 1985, she, on behalf of Cameron County, implemented the 28-day working period. She further testified that she advised law enforcement officers that they would not receive additional compensation for work during their 28-day work period, unless they worked more than 171 hours. (See Rosemary Martinez Affidavit, attached as Exhibit "A"). From the inception of the 28-day, 171 hour work period in 1985 to date, law enforcement officers have never received additional compensation for hours worked between 160 and 171 in a work period. (See Rosemary Martinez Affidavit, attached as Exhibit "A;" Affidavit of Robert Almon, attached as Exhibit "D"). Since the FLSA did not apply to Cameron County until April 15, 1986,[8] changes made by Cameron County to Plaintiffs' hourly rate *in 1985* cannot violate the FLSA. *York v. City of Wichita Falls, Texas*, 856 F.Supp. 1191, 1201 (N.D.Tex. 1994), *aff'd*, 48 F.3d 919 (5th Cir. 1995) (city's recalculation and reduction of firefighters' hourly rate of pay could not have violated the FLSA because adjustments took place within grace period afforded by Congress); *Ball v. City of Dodge City, Kansas*, 67 F.3d 897, 899 (10th Cir. 1995) (government employer's alleged FLSA-defeating wage adjustment cannot constitute a violation of the FLSA if the change was effected before April 15, 1986).

---

[8]On November 14, 1985, Congress amended the FLSA so that state and municipal employers would not be required to pay overtime until April 15, 1986. *York v. City of Wichita Falls, Texas*, 48 F.3d at 920, fn. 4.

---

# IV.
## CONCLUSION

Plaintiffs' claim for extra wages worked over 160 hours per 28-day work period should be dismissed as a matter of law for several reasons. First, being employed in law enforcement activities, Plaintiffs are subject to Section 207(k) partial exemption from overtime pay when they work less than 171 hours in a 28-day work period. Second, Cameron County could not have violated the FLSA because it established the 28-day pay schedule for police officers before April 15, 1986. Third, Plaintiffs have wholly failed to show that they were hourly wage earners and that they are not subject to the Section 207(k) partial exemption. Even if Plaintiffs were successful in demonstrating that they were not paid on a "salary" basis, that argument is irrelevant in determining whether they qualify for Section 207(k) partial exemption. The FLSA clearly does not require that law enforcement personnel be paid a "salary" basis as a condition for eligibility under Section 207(k) exemption. Based on the undisputed facts and law cited above, it is abundantly clear that Plaintiffs are not entitled to extra compensation unless they worked over 171 hours in a 28-day work period. Accordingly, the Court should grant Defendants' Motion for Summary Judgment and Deny Plaintiffs' Motion for Partial Summary Judgment.

## V.
## REQUEST FOR RELIEF

For the foregoing reasons, Alex Perez, in his official capacity as Sheriff of Cameron County, Texas and Cameron County, Texas respectfully request that the Court grant their Motion for Summary Judgment, that Plaintiffs' Motion for Partial Summary Judgment be denied, that the Court award Defendants their costs, and that Defendants be given all other relief to which they are justly entitled.

Respectfully,


For Cameron County
Cameron County Civil Legal Department
964 East Harrison Street
Brownsville, Texas 78578
(956) 550-1345
(956) 550-1348 (Facsimile)

BY: _____
Richard O. Burst
Attorney in Charge
Texas State Bar #00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786516
S.D. No. 17065


DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
AND BRIEF IN SUPPORT
F-ALCALA.MOTSUMJMT2

Page 17

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been sent to counsel for Plaintiff:

Mr. James A. Herrmann
1205 E. Tyler Avenue
P.O. Box 2541
Harlingen, TX 78551-2541

by placing a copy of the same, properly wrapped and addressed, in the United States mail, first class, postage prepaid, certified, return receipt requested, this _15_ day of March, 1999.