186

United States District Court
Southern District of Texas
FILED

APR 12 1999

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDWARD ALCALA, et al., | § | |
| | § | CIVIL ACTION NUMBER |
| Plaintiffs, | § | |
| | § | B-96-203 |
| vs. | § | |
| | § | |
| ALEX PEREZ, in his official capacity as | § | |
| Sheriff of Cameron County, Texas and | § | |
| Cameron County, Texas, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ~~PARTIAL~~ SUMMARY JUDGMENT AND REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (partial)

### The Defendant Has Not Born Its Burden Of Proving An Entitlement To The Exemption In A Manner Consistent With The Defendants' Interpretation Of The Statute.

The defendant employer bares the burden of proving that its employees are exempt from the Fair Labor Standards Act. **Walling vs. General Industries Co.**, 330 U.S. 545, 548-49 (1974). Exemptions are to be narrowly construed and applied to those situations "plainly and unmistakenly within its terms and spirit." **Hodgson vs. Collonnades, Inc.**, 472 F.2d 42 (5th Cir. 1973). It is the defendant Sheriff's duty to establish that it is entitled to the 7k exemption in all of its aspects. While the plaintiffs did not present the question of whether the defendant has a bona fied 7k system in plaintiffs' motion for summary judgment, neither

has the defendant proven that it is entitled to require people to work extra hours without being compensated.

The administrative letters submitted as attachments by the defendants notwithstanding, the terms "salaried" and "regular hourly wage" are terms of art in the context of the Fair Labor Standards Act. Whether one is considering the payment of wages in the form of a salary or determining whether a potential exemption exists, "salary" means the same thing although the criteria differ for differing purposes. See, 29 C.F.R. §§ 541.118 and 778.306.

Subjecting an employee's pay to deductions for absences of less than a day eliminates salaried status and creates an essentially hourly employee. **Donovan vs. Carl's Drug Co.**, 703 F.2d 650, 652 (2nd Cir. 1983). Furthermore, if he is subject to deductions under certain circumstances, salaried status will be destroyed. **Auer vs. Robbins**, 137 L.Ed.2d 79, 90 (1997).

Contrary to the defendant's administrative letters, at least one appellate court has determined that the proper way to view a law enforcement officer's extra hours between 160 and 171 is that they are compensable at the officer's regular rate of pay. **Lamone vs. City of Shawnee**, 972 F.2d 1145, 1155-1158 (10th Cir. 1992) cert. den. 507 U.S. 972 (1993). No other case has been found in which an hourly employee was required to work 171 hours but was not paid for this time. Furthermore, it is not at all clear that the defendants' administrative letters did not involve situations where there was a bona fide "salary". If there

2

fide "salary". If there had been a bona fide salary within the meaning of the FLSA, it might be appropriate not to pay employees extra compensation for the hours between 160 and 171 if they were going to be paid in any case. However, contrary to the defendants' assertion that whether the plaintiffs were on salary is irrelevant, plaintiffs submit that whether they were hourly employees is <u>the question</u>. Because if the plaintiffs are hourly workers, they are entitled to be paid for each hour they work. Although the defendants may have declared a legitimate 7k program, that does not relieve them from the responsibility for paying their employees for each hour that they work. The defendants admit that in 1985 they simply divided the existing monthly wage by 171 instead of 160 for a new hourly rate and then required their employees to work 171 hours in the 28 day work period. Not only does this violate the letter and spirit of 7k exemption, but as the Court stated in **Lamone**, failure to pay the regular hourly wage or straight time would violate the FLSA. 29 C.F.R. §§ 785.1, 785.7 and 29 C.F.R. § 778.107-.110 (establishing the regular hourly rate). Although Congress did grant partial "overtime" exemption to law enforcement and fire protection agencies, it is inconceivable given the underlying purpose of the FLSA that Congress intended that public employees not be compensated for hours worked. There is nothing in § 7k or its implementing regulations that would suggest that an employer is free not to pay for any hours actually worked. 29 U.S.C. § 553 *et seq*. Again, this would be directly contrary to the statute's original implementing regulations. 29 C.F.R. § 778.106-.110.

3

Several points should be made concerning defendants' arguments:

First, defendants' allegations that the plaintiffs claim that employees under a 7k program must be on salary is completely false. No where do plaintiffs claim that 7k employees must be on salary. It is the defendants who have claimed salary status for all employees in order to avoid paying employees on an hourly basis. Plaintiffs have asserted all along that the defendants' employees are employed on an hourly basis and must be paid for each hour that they are employed to work.

Secondly, there is no requirement that 7k employees be salaried or hourly. However, whether they are hourly or truly salaried affects the manner in which they are paid. Here the plaintiffs simply claim that they are not salaried because their earnings are subject to deductions and deductions are actually made. Plaintiffs are hourly workers and they must be paid for each hour that they are employed at the regular hourly wage and if they work more than 171 hours, they are entitled to be paid time and a half at their regular hourly wage.

Third, defendants cite 29 U.S.C. § 541.118 as a means to excuse deductions. This regulation applies to the concept of salary as applied to the bona fide executive and administrative exemption. Plaintiffs' motion for partial summary judgment is not directed to the supervisory personnel but to line employees. The actual result under the regulations is the same if improper deductions are made from an employee's "salary". 29 C.F.R. §§ 778.304-.306, .307, **Donovan vs. Carl's Drug,** *supra.*

Fourth, whether the plaintiffs are paid on a salary or hourly basis has everything to do with whether or how much they should be paid for each hour that is worked. It is because

4

the plaintiffs are not paid on a salary basis but affectively paid on an hourly basis that they are entitled to compensation for each hour worked, including those hours worked between 160 and 171 in a 28 days 7k work period.

Fifth, although law enforcement personnel are by and large paid the same amount each pay period, it must be understood that there are two sets of books based upon the deposition testimony of the Sheriff's secretary as attached to plaintiffs' motion for partial summary judgment. The auditor's office whether out of indifference or a need not to know, did not keep track of attendance, absences, compensatory time, vacation, sick leave, etc. The auditor's office simply cut the payroll. Rosie Gomez and other personnel in the Sheriff's office kept time and attendance and would either add or subtract comp time, vacation pay, sick leave, etc. based upon attendance. Rosie Gomez testified that if an officer was out of categories of compensable time off, he or she would be docked. Apparently it was rare that an employee actually went into the hole because they almost always had something in the bank from which time could be deducted. It was expected based upon the testimony of the Sheriff and Assistant Auditor Almon that an employee would only be paid for the time that they actually work.

Sixth, the defendants have not submitted any summary judgment proof which would permit a public employer to require hourly employees to work and not be compensated.

Seventh, defendants' affidavits are no more than a self-serving attempt to dispute their own sworn deposition testimony attached to plaintiff's motion for partial summary judgment and should be given little if any credit. It is not appropriate summary judgment evidence and completely contradicts their former testimony.

5

## CONCLUSION

Plaintiffs, as hourly employees, are required to be paid their regular hourly wage for each hour employed whether the defendant has a valid 7k program or not.

Respectfully submitted,

BY: *George P. Powell*
GEORGE P. POWELL
State Bar No. 16196000
Fed. I.D. No. 3849
"Attorney In Charge"
**HINOJOSA & POWELL, P.C.**
612 Nolana, Ste. 410
McAllen, TX 78504
(956) 686-2413
Fax No. (956) 686-8462

JAMES A. HERRMANN
State Bar No. 09541500
Fed. I.D. No. 3824
1205 E. Tyler Avenue
Harlingen, TX 78550
(956) 421-5776
Fax No. (956) 421-5779

JOE VALLE
State Bar No. 20435450
Fed. I.D. No. 11422
1120 E. 10th Street
Brownsville, Texas 78520
(956) 546-2829
Fax No. (956) 542-4084

PATRICIA A. HERNANDEZ
State Bar No. 00790874
Fed. I.D. No. 18085
117 E. Price Rd.
Brownsville, TX 78521
(956) 541-9001
Fax No. (956) 550-9553

## CERTIFICATE OF SERVICE

I, GEORGE P. POWELL, do hereby certify that on this the 9th day of April, 1999, I caused to be faxed and mailed a true and correct copy of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment and Reply to Defendants' Opposition to Plaintiffs' Motion for Summary Judgment to defendants' attorney of record:

Mr. Richard O. Burst
**Legal Division Commissioners' Court**
964 E. Harrison St.
Brownsville, TX  78520

_____
GEORGE P. POWELL