187

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 6 1999

Michael N. Milby
Clerk of Court

| | |
|---|---|
| EDWARD ALCALA, et al., § | |
| § | |
| Plaintiffs. § | |
| § | |
| V. § | Civil Action B 96-203 |
| § | |
| ALEX PEREZ, in his official capacity § | |
| Sheriff of Cameron County, Texas and § | |
| Cameron County, Texas, § | |
| § | |
| Defendants. § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

Alex Perez, in his official capacity as Sheriff of Cameron County, Texas and Cameron County, Texas (collectively, **"Cameron County"**) file this Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment. In support of its Reply, Cameron County states:

**I.
ARGUMENTS AND AUTHORITIES**

**A.  Cameron County Did Enact the Section 7(k) Exemption.**

Plaintiffs' argument that Cameron failed to enact the 7(k) partial overtime pay exemption is specious. It is well established law in the Fifth Circuit that public

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND BRIEF IN SUPPORT
F-#118114 v1 - Response to Pltf Reply to MSJ.wpd

Page 1

sector employers may demonstrate that they enacted the 7(k) exemption by showing that they adopted a work period of at least 7 to 28 days. There are no required "magic words" to effectively enact this exemption. The controlling issue is whether the County can show that its work period actually fit within the 7 to 28-day category, irrespective of any public declarations. *Barfield v. Madison County*, 984 F.Supp. 491 (S.D.Miss. 1997).

The County has provided persuasive summary judgment evidence that it did, in fact, establish a 28-day work period for law enforcement personnel in late 1985. (See affidavit of Rosemary Martinez, previously attached as Exhibit "A" to Defendants' Motion for Summary Judgment, and incorporated as if fully set forth herein). Similarly, as stated in Plaintiffs' Motion for Partial Summary Judgment, Sheriff Alex Perez testified that the County established a 28-day work period. (See Plaintiffs' Motion for Partial Summary Judgment, p. 3). Accordingly, Cameron County has shown, through the testimonies of Rosemary Martinez and Sheriff Perez, that it established a 28-day work period and that employees would not be paid overtime compensation unless they worked over 171 hours in the 28-day work period. Plaintiffs cannot, and has not, controverted this evidence. As such, the County has enacted, and is entitled to the benefits of, the Section 7(k) partial overtime pay exemption.

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND BRIEF IN SUPPORT
F-#118114 v1 - Response to Pltf Reply to MSJ.wpd

Page 2

B.  **Plaintiffs Are Not Entitled To Straight Time Compensation For Hours Worked Over 160 But Less Than 171 In A 28-Day Work Period.**

The October 22, 1987 Department of Labor Opinion Letter cited in Cameron County's Motion for Summary Judgment expressly states that public employers who have enacted the 7(k) partial exemption *are not required to pay additional compensation for hours worked over 160, but less than 171 hours, in a 28-day work period.* Plaintiffs contend, however, that the Opinion Letter is not persuasive because it deals with situations where employees are paid on a salary (instead of hourly) basis: "if there had been a bona fide salary within the meaning of the FLSA, it might be appropriate not to pay employees extra compensation for the hours between 160 and 171." (See Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, p. 3). Contending that they are hourly employees, Plaintiffs submit that the Opinion Letter does not control.

To the contrary, a careful reading of the Opinion Letter shows that it expressly deals with police officers paid on an hourly (not salary) basis. The Opinion Letter states that it "concerns the proper methods of compensating law enforcement employees *who are paid hourly rates of pay*, for their roll-calls, travel, and/or training." Since the employer had chosen a 28-day work period for section 7(k) purpose, the Department of Labor ruled that the officers are properly compensated under the FLSA when, for any work period during which they have

---

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND BRIEF IN SUPPORT
F-#118114 v1 - Response to Pltf Reply to MSJ.wpd

Page 3

worked less than 171 hours, they have received at least the minimum wage for *all* of their hours worked. Thus, according to the Department of Labor, a police officer who is paid at a rate of $10.50 an hour for 160 hours ($10.50 x 160 hours = $1,680) is paid in compliance with the FLSA even though he actually works a total of 165 hours during a 28-day work period. No additional compensation is necessary for the extra 5 hours worked.

This is the exact issue presented in this case. Since Plaintiffs do not dispute that they were compensated at least the minimum wage for all hours worked under 171 in any given 28-day work period, the FLSA does not require Cameron County to pay Plaintiffs additional compensation for hours worked between 160 and 171 in the work period.

**C.     Plaintiffs Have Been Compensated For Hours Worked Between 160 And 171 In The 28-day Work Period.**

Even if the Court were to assume that Plaintiffs are entitled to straight time pay for hours worked between 160 and 171 in a 28-day work period (which they are not entitled to), Cameron County has already paid Plaintiffs for such hours worked. When Cameron County implemented the 171 hour/28-day work period in late 1985, law enforcement personnel were informed that they would ***not*** receive any additional pay for working 171 hours in the 28-day work period. They were further informed that they would earn compensatory time off only if they

worked over 171 hours in the work period.[1] (See Affidavit of Rosemary Martinez, previously attached as Exhibit "A" to Defendants' Motion for Summary Judgment). Since Plaintiffs' compensation covered all hours worked up to 171 hours in a 28-day work period, Plaintiffs have been paid straight time for hours worked between 160 and 171. That being the case, Plaintiffs are not entitled to any additional pay.

In a case similar to the one at hand, the Fourth Circuit Court of Appeals held that police officers were not entitled to extra compensation for hours worked in excess of their regular scheduled period but less than the overtime threshold promulgated by Section 7(k). *Monahan v. County of Chesterfield, Virginia*, 95 F.3d 1263 (4th Cir. 1996). In *Monahan*, the police officers worked a 24-day cycle which has an accompanying overtime threshold of 147 hours. During the year, there are fifteen 24-day cycles wherein the County scheduled officers to work 135 hours for ten cycles and 144 hours for five cycles. The officers regularly worked more than the normally scheduled 135 hours, and the County paid overtime for all hours worked in excess of the 147 hour overtime threshold. Officers often worked more than the regularly scheduled 135 hours, but did not exceed the 147 hour overtime

---

[1] Since the FLSA did not apply to Cameron County until April 15, 1986, changes made by Cameron County to Plaintiffs' hourly rate of pay in late 1985 cannot violate the FLSA. *York v. City of Wichita Falls, Texas*, 856 F.Supp. 1191, 1201 (N.D.Tex. 1994), *aff'd.*, 48 F.3d 919 (5th Cir. 1995); *Ball v. City of Dodge City, Kansas*, 67 F.3d 897, 899 (10th Cir. 1995).

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND BRIEF IN SUPPORT
F-#118114 v1 - Response to Pltf Reply to MSJ.wpd

Page 5

threshold. Like the case at hand, the officers claimed that they were entitled to back pay for hours worked "in the gap" during cycles in which they exceeded the 135 hour regularly scheduled time period, but did not exceed the 147 hour overtime threshold. *Id.* at 1265-66.

The Fourth Circuit Court of Appeals held that since there was no minimum wage or maximum hour violation, there was no claim under the FLSA for gap pay if employees have been properly compensated in accordance with the employment terms to which they have either expressly or impliedly agreed. Consequently, the Court ruled that the officers' claim to gap time compensation is enforceable only under their employment agreement, not the FLSA.[2] *Monahan,* 95 F.3d at 1280-181.

The Court then found that the officers were not entitled to additional compensation for working the gap time because their compensation covered all hours worked up to the overtime threshold. In reaching this conclusion, the Court relied on evidence indicating that compensation paid to the officers were intended to apply to all hours worked up to the FLSA overtime threshold.

---

[2] The Fourth Circuit expressly rejected *Lamon v. City of Shawnee, Kansas,* the case Plaintiffs rely upon in their Opposition to Defendants' Motion for Partial Summary Judgment, as authority that claims for gap time are cognizable under the FLSA when the employer has not violated the FLSA's minimum wage/maximum hour provision. *Monahan,* 95 F.3d at 181-82.

Significantly, the Court expressly rejected plaintiffs' contention that no one told them that their compensation was intended to cover all hours worked up to the overtime threshold, ruling instead that an agreement can easily be implied from the parties conduct:

> Where the parties' actions and the circumstances demonstrate that the plaintiff was aware of a particular condition of employment, the employee's acceptance of and continued employment manifests acceptance of the condition.

*Monahan*, 95 F.3d. at 1275.

In the case at hand, Ms. Rosemary Martinez testified that when she implemented the 171 hour/28-day work period, she informed all law enforcement personnel that their compensation covered all hours worked up to 171 hours. Being aware of this condition of employment, Plaintiffs' acceptance of and/or continued employment with Cameron County manifests acceptance of this condition. That being the case, Plaintiffs should not be allowed to now complain that they have not been compensated for hours worked over 160 but less than 171 in their work period.

## II.
## CONCLUSION

Plaintiffs' claim that they are entitled to extra compensation for hours worked over 160 but less than 171 in a 28-day work period should be dismissed as a matter

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND BRIEF IN SUPPORT
F-#118114 v1 - Response to Pltf Reply to MSJ.wpd

Page 7

of law for two reasons. First, even if the Court were to assume that Plaintiffs are hourly employees, the Department of Labor has clearly ruled that police officers are properly compensated under the FLSA when, for a 28-day work period, they worked less than 171 hours and received at least the minimum wage for **all** of their hours worked. Since it is undisputed that Plaintiffs received at least minimum wage for each hour worked under 171 in the 28-day work period, Cameron County has complied with the FLSA. Second, even if the Court were to assume that Plaintiffs are entitled to straight time pay for hours worked between 160 and 171 in a 28-day work period, Cameron County has already compensated Plaintiffs for those hours. When it implemented the 171 hour/28-day work period in late 1985, Cameron County advised employees that their compensation was intended to cover all hours worked up to the 171 hours. Being aware of this condition of employment, Plaintiffs' acceptance of and/or continued employment with Cameron County manifests acceptance of this condition. That being the case, Plaintiffs should not be allowed to now complain that they have not been compensated for hours worked over 160 but less than 171 in their work period.

## III.
## REQUEST FOR RELIEF

For the foregoing reasons, Alex Perez, in his official capacity as Sheriff of Cameron County, Texas and Cameron County, Texas respectfully request that the

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND BRIEF IN SUPPORT
F-#118114 v1 - Response to Pltf Reply to MSJ.wpd

Page 8

Court grant [*grant* handwritten correction] their Motion for Summary Judgment, that Plaintiffs' Motion for Partial Summary Judgment be denied, that the Court award Defendants their costs, and that Defendants be given all other relief to which they are justly entitled.

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND BRIEF IN SUPPORT
f-#118114 v1 - Response to Pltf Reply to MSJ.wpd

Page 9

Respectfully,

For Cameron County
Cameron County Civil Legal Department
964 East Harrison Street
Brownsville, Texas 78578
(956) 550-1345
(956) 550-1348 (Facsimile)

BY: _____
Richard O. Burst
Attorney in Charge
Texas State Bar #00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786516
S.D. No. 17065

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been sent to counsel for Plaintiff:

Mr. James A. Herrmann
1205 E. Tyler Avenue
P.O. Box 2541
Harlingen, TX 78551-2541

by placing a copy of the same, properly wrapped and addressed, in the United States mail, first class, postage prepaid, certified, return receipt requested, this 16th day of April, 1999.

_____

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND BRIEF IN SUPPORT
F-Overtime.Compensation.wpd

Page 10