IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDWARD ALCALA, et. al., | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. B-96-203 |
| ALEX PEREZ, in his official capacity Sheriff of Cameron County, Texas and Cameron County, Texas, | § § § § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Plaintiffs Edward Alcala's ("Alcala") Motion for Partial Summary Judgment (Docket No. 180) and Defendant Alex Perez and Cameron County's Motion for Summary Judgment. (Docket No. 183). In addition, Plaintiff Alcala has filed an Opposition to Defendant's Motion for Summary Judgment and Reply to Defendant's Opposition to Plaintiffs' Motion for Summary Judgment. (Docket No. 186). Defendant Cameron County has also filed a Reply to Plaintiff's Response to Motion for Summary Judgment. (Docket No. 187).

### FACTUAL SUMMARY

The following factual summary is derived from a reading of the aforementioned motions and pleadings. This case involves an employment dispute between the Plaintiffs, current and former law enforcement officers of Cameron County Sheriff's Department, and Defendants, Sheriff Alex Perez and Cameron County. Plaintiffs claim that they are entitled to compensation for hours worked over 160, but less than 171, in a 28 day work period. Defendant's maintain that Plaintiffs are covered under 29 U.S.C. § 207(k) of the Fair Labor Standards Act, which provides an exemption for law

enforcement officers. This exemption provides that law enforcement officers are not entitled to overtime compensation unless they work over 171 hours in a 28-day work period. This 28-day work period was implemented in 1985. Both parties have filed Motions for Summary Judgment on this issue.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Ellison v. Connor,* 153 F.3d 247, 251 (5th Cir. 1998). Disputes concerning material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Auto Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). An issue is "material" if it involves a fact that might affect the outcome of the suit under governing law. *Douglass,* 79 F.3d at 1429. Once the moving party presents the district court with a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show that summary judgment is inappropriate. *Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). The nonmoving party may not rest upon the mere allegations or denials of its pleadings, and unsubstantiated or conclusory assertions that a fact issue exists will not suffice. *Anderson,* 477 U.S. at 256. The nonmoving party must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *Stults v. Conoco, Inc.,* 76 F.3d 651, 656 (5th Cir. 1996). Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Eastman Kodak v. Image Technical Services,* 504 U.S. 451, 456-58 (1992). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual

controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). *See also Burge v. Parish of St. Tammany*, 187 F.3d. 452 (5th Cir. 1999).

## RECOMMENDATION

The issue before the Court is whether the Plaintiffs are entitled to extra compensation for hours worked over 160 hours, but less than 171 hours, in a 28 day work period. The Fair Labor Standards Act ("FLSA") requires that employees be paid at a rate of time and one-half for hours worked over forty in each work week. However, § 207(k) of the FLSA provides a partial exemption for public law enforcement personnel by allowing them to work more than forty hours per week before overtime begins to accrue. 29 U.S.C. §207 (a), (k).

The Plaintiffs' main argument is that they are hourly wage earners who are entitled to be paid for each hour worked. They argue that nothing in § 207(k) or its regulations suggest that an employer is not required to pay for any hours actually worked. They concede that they should not receive overtime pay unless they work more than 171 hours in a work period, but they believe they should be paid an hourly wage for all time worked over 160 hours but less than 171 hours in a work period.

The Defendants on the other hand, argue that the plaintiffs are not entitled to extra compensation for the gap time (between 160 and 171 hours) because the Department of Labor has held administratively that as long as wages paid to the officers for the work period equals at least minimum wage per each hour worked, then no further compensation is required until the officer works more than 171 hours in a work period. See Wage and Opinion Letter attached as Exhibit "I" of Docket No. 183. Based on this authority, the Defendants contend that it is irrelevant whether or not the officers are paid on a salary or hourly basis.

ClibPDF - www.fastio.com

This Court has made its own analysis of the relevant case law, regulations, and the wage and opinion letter from the Department of Labor. The Department of Labor addressed this issue in an opinion letter dated October 22, 1987. The Department was addressing a police department which was concerned that they were not properly compensating their officers who were hourly wage earners for working five hours over 160 hours during a work period. The Department stated in its letter that, "...the law enforcement employees to whom you refer have been properly compensated under FLSA when, for any work period during which they have worked less than the applicable maximum hours standard, they have received at least the minimum wage for all of their hours worked." Because the Plaintiffs in the case at hand do not dispute that they were compensated at least the minimum wage for all hours worked under 171 in any given 28 day work period, FLSA does not require Cameron County to pay the Plaintiffs for the gap time they contend they are entitled to.

This issue was most recently[1] addressed by the Fourth Circuit in *Monahan v. County of Chesterfield, Virginia*. 95 F.3d 1263 (1996). In *Monohan*, the police officers worked a 24 day cycle which has an accompanying overtime threshold of 147 hours. As in the case at hand, the officers in *Monohan* claimed that they were entitled to back pay for hours worked "in the gap" in which they exceeded the 135 hour regularly scheduled time period, but did not exceed the 147 hour overtime threshold. The Court held:

> In evaluating a potential straight time claim under the FLSA, the trier of fact must look to the terms of the employment agreement and determine those terms based on evidence of implied or express agreement between the parties. If the employee has been properly paid at or above minimum wage for all nonovertime hours under the terms of the employment agreement and at a proper overtime rate for all overtime hours, there can be no claim for straight time for hours worked "in the gap" between the normal work schedule and overtime threshold."

---

[1]This issue was addressed by the 10th Circuit in *Lamon v. City of Shawnee*, 972, F.2d 1145 (1992), but the Fourth Circuit in *Monohan* expressly disagrees with the holding in Lamon to the extent that pure gap time claims are cognizable under FLSA.

The Court went on to say that FLSA does not place the burden on the employer to "hold an employee's hand and specifically tell him or that the salary 'fully compensates him or her up to the overtime threshold,' if that fact can be easily gleaned from employment policies, practices, and procedures." *Id.* at 1275. Hence, in the present case, the question becomes whether or not the sheriff's officers had implicitly or expressly agreed to the condition that their compensation covered all hours worked up to 171 hours. Ms. Rosemary Martinez, the Assistant Auditor for Cameron County, stated in her affidavit that she implemented the new 28 day work period for law enforcement personnel in 1985. Further, she said that she advised these employees that they would not receive any additional pay for working 171 hours in the 28 day work period. Since, Plaintiffs do not contend that the effective date of this new work period was 1985, and since they did not file suit until 11 years later, this Court construes their continued employment with the County as an acceptance of this employment condition. Therefore, the claim against the County for back pay for hours worked over 160 but less than 171 should be dismissed.

IT IS THEREFORE **RECOMMENDED** that Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c) **GRANTED** in its entirety and this case be **DISMISSED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 10th day of January, 2000.

                                                    John Wm. Black
                                          United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDWARD ALCALA, et. al., | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. B-96-203 |
| ALEX PEREZ, in his official capacity Sheriff of Cameron County, Texas and Cameron County, Texas, | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of January 10, 2000 should be **ADOPTED.**

IT IS ORDERED that the Defendant's Motion for Summary Judgment be **GRANTED** and this case be **DISMISSED**.

DONE at Brownsville, Texas this _____ day of _____, 2000.

_____
Filemon B. Vela
United States District Court Judge