194

United States District Court
Southern District of Texas
FILED

JAN 1 3 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDWARD ALCALA, et al., | § | |
| | § | CIVIL ACTION NO. |
| Plaintiffs, | § | |
| | § | **B-96-203** |
| vs. | § | |
| | § | |
| ALEX PEREZ, in his official capacity as | § | |
| Sheriff of Cameron County, Texas and | § | |
| Cameron County, Texas, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE'S
PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS**

Plaintiffs hereby file their objections to the Magistrate's Report, Findings, Conclusions, and Recommendations and in support of said objections would respectfully show the following:

1. Good Grief! Plaintiffs agree and do not contest that the County had a valid 7(k) program and that the law enforcement officers must work 171 hours in the 28 day period before they accrue overtime. The plaintiffs have agreed on this point and have been negotiating damages on hours over 171 for a year. The plaintiffs object to the whole case being dismissed because issues remain as to how much overtime is owed for work performed in excess of 171 hours. The County has agreed in negotiations that many are owed overtime for having worked more than 171 hours in a 28 day period.

2. Plaintiffs filed a motion for partial summary judgment on the issue of whether the plaintiffs are entitled to be paid for the time between 160 hours (their regular work schedule) and 171 hours (the point at which they are entitled to overtime under 29 U.S.C. § 7(k). The defendants responded to this motion for partial summary judgment.

3. The Magistrate has ruled against the plaintiffs' position that the plaintiffs are entitled for compensation for the eleven (11) hours in question.

4. The Magistrate in deciding the straight time issue against the plaintiffs has dismissed all issues in the case, including issues of how much overtime is owed for all hours worked in excess of 171 hours for various groups of Sheriff's Department employee.

5. The reason plaintiffs filed a motion for partial summary judgment on the eleven (11) hour differential is because plaintiffs and defendants could not reach an agreement upon the legal standard for this time worked and agreed to submit this one issue to the Court. Plaintiffs and defendants have been involved in intense negotiations for the past year and a half over the question of payment of overtime for hours in excess of 171 and have reached agreement on many issues and are further negotiating other issues.

6. In particular, as set forth in paragraphs 13 and 14 of the Plaintiffs' First Amended Original Complaint, plaintiffs set forth several practices in the Sheriff's Department which fail to compensate the plaintiffs for overtime worked. (Copy attached). Only one issue, item 14(l), addressed the question that was before this Court on partial summary judgment.

    [l]    failed to pay overtime pay for straight time for all hours employed in excess of 160 hours in a work period.

2

Furthermore, the <u>defendants</u> characterize the issue on summary judgment as strictly confined to the questions of the eleven (11) hours between 160 and 171 hours. The defendants in their summary judgment and opposition to plaintiffs' motion for partial summary judgment expressly retain before the Court as an issue the questions of compensation owed for work performed over 171 hours, i.e., "it is abundantly clear that plaintiffs are not entitled to extra compensation unless they worked over 171 hours in a 28 day work period." See defendants' motion for summary judgment and response to plaintiffs' motion for partial summary judgment, page 16. Therefore, the defendants did not even request that plaintiffs' case in toto be dismissed.

7. Plaintiffs have agreed that the defendants are entitled to a 7(k) partial exemption from overtime meaning that the County does not have to pay overtime hours until employees have worked 171 hours in a work period. However, plaintiffs continue to urge and the defendants have conceded that overtime is owed for hours worked in excess of 171 hours. For example, reserve deputies were not paid compensation for hours worked to which they are entitled; patrol officers and investigators worked over-shift in excess of 171 hours; detention officers worked over 171 hours performing cell searches and head counts for all of which the plaintiffs are entitled to overtime compensation.

**WHEREFORE,** plaintiffs respectfully request that the Magistrate confine its recommendations, findings, and conclusions to the issue which was before the Magistrate on Plaintiffs' Motion for Partial Summary Judgment which was strictly a legal issue relating

3

to the eleven (11) hours of straight time in a work period and withdraw its recommendation and resubmit a substitute report and recommendation.

Respectfully submitted,

By: _____
GEORGE P. POWELL
State Bar No. 16196000
Fed. I.D. No. 3849
"Attorney In Charge"
**HINOJOSA & POWELL, P.C.**
612 Nolana, Ste. 410
McAllen, TX 78504
(956) 686-2413
Fax No. (956) 686-8462

JAMES A. HERRMANN
State Bar No. 09541500
Fed. I.D. No. 3824
1205 E. Tyler Avenue
Harlingen, TX 78550
(956) 421-5776
Fax No. (956) 421-5779

JOE VALLE
State Bar No. 20435450
Fed. I.D. No. 11422
1120 E. 10th Street
Brownsville, Texas 78520
(956) 546-2829
Fax No. (956) 542-4084

PATRICIA A. HERNANDEZ
State Bar No. 00790874
Fed. I.D. No. 18085
117 E. Price Rd.
Brownsville, TX 78521
(956) 541-9001
Fax No. (956) 550-9553

## CERTIFICATE OF SERVICE

      I, GEORGE P. POWELL, do hereby certify that on this the <u>12th</u> day of January, 2000, I caused to be mailed a true and correct copy of Plaintiffs' Objections to the Magistrate's Findings and Recommendations to the defendants' attorney of record:

Mr. Richard O. Burst
**Legal Division Commissioners' Court**
964 E. Harrison St.
Brownsville, TX  78520

 

_____
GEORGE P. POWELL

11. The defendants have operated their compensatory time program in such a manner as to deny the plaintiffs their straight time, compensatory time, or overtime pay for all hours worked.

12. The defendants have not paid the plaintiffs overtime wages in lieu of allowing plaintiffs to take their compensatory time off.

13. The defendants have prohibited the plaintiffs from taking compensatory time off and have denied their responsibility to pay overtime wages for all hours accumulated or to allow compensatory time.

14. The defendants engage in the following pattern and practices to deprive the plaintiffs of pay for all hours worked:

    a. purporting to place all employees on a salary basis when in fact all employees are paid on an hourly basis;

    b. failed to compensate investigators for the one half hour before shift and during lunch period when they are on call;

    c. failed to compensate employees who acted as reserve deputies;

    d. failed to compensate investigators for meetings and training held outside the regular shift;

    e. failed to compensate patrol deputies the thirty minutes worked before shift and for lunch periods on call and for time worked over shift;

    f. failed to compensate patrol deputies and detention officers for extra days worked on a shift change;

g.  failed to compensate patrol deputies for training time outside their regular shift;

h.  failed to fully compensate employees for transporting prisoners out of the county;

i.  failed to compensate detention officers for the fifteen minutes before and fifteen minutes after shift;

j.  failed to compensate detention officers for time spent performing head counts over the normal shift;

k.  failed to compensate detention officers for cell searches performed over the shift; and,

l.  failed to pay overtime pay for straight time for all hours employed in excess of 160 hours in a work period.

## V. CAUSE OF ACTION

15.  Defendants have a pattern of depriving the plaintiffs overtime wages and compensatory time by means of various systemic practices all in violation of the Fair Labor Standards Act.

16.  The Defendants' conduct and unlawful practices in regard to overtime and compensatory time affect all present and former employees in the same or similar manner thus making appropriate notice to the potential class of plaintiffs notifying them of the pendency of this action and allowing them an opportunity to opt into the case.  This is an appropriate collective action under § 216(b).

17.  Plaintiffs and all those similarly situated are entitled to their overtime pay in an amount which is one and one half time their current pay or in the case of an employee who