IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

APR 3 2000

| | |
|---|---|
| EDWARD ALCALA, et.al., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NUMBER B-96-203 |
| ) | |
| ALEX PEREZ, in his official capacity ) | |
| as Sheriff of Cameron County, Texas, ) | |
| and CAMERON COUNTY, TEXAS, ) | JURY DEMAND |
| Defendant. ) | |

**CAMERON COUNTY'S MOTION
FOR
PARTIAL SUMMARY JUDGMENT
ON
STATUTE OF LIMITATIONS RESERVE DEPUTY VOLUNTEER TIME
AND
SERGEANT AND LIEUTENANT EXEMPTION**

Cameron County, Texas (including the Sheriff in his official capacity), pursuant to Rule 56 of the Federal Rules of Civil Procedure, file this Motion for Partial Summary Judgment and Brief in Support as follows:

**I**

**BACKGROUND**

This lawsuit involves a claim under the Fair Labor Standards Act ("FLSA") for alleged unpaid wages. Some of the Plaintiffs are former and current Cameron County detention officers who claim unpaid compensation for hours they volunteered to work as reserve deputy sheriffs. Additionally, some of the Plaintiffs are current and former Sergeants and/or Lieutenants who supervised the detention facilities. These Sergeants and Lieutenants claim that they are entitled to

1

overtime compensation. The issues to be resolved in this Motion for Partial Summary Judgment are:

- Whether the detention officers' claim, to the extent that it seeks damages more than three years prior to the filing of Plaintiffs' complaint, is barred by the statute of limitations?

- Whether the Sergeants and Lieutenants are exempt from the minimum wage and overtime pay requirements of the FLSA?

## II.

## SUMMARY JUDGMENT STANDARD

The Standard for summary judgment is well settled. Rule 56(c) of the Federal Rules of Civil Procedure requires that a court enter summary judgment, after adequate time for discovery and upon motion, against a party who fails "to establish the existence of an element essential to that party's case, and as to which that party will bear the burden of proof." *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986); *Crescent Towing & Salvage Co. v. M/V Anax*, 40 F.3d 741 (5th Cir 1995). Indeed, the United States Supreme Court has stated that:

> "Summary Judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed "to secure the just, speedy, and inexpensive determination of every action." Celotex, 106 S.Ct at 2555; *See also, Overseas Inns, S.A. v. Unites States*, 911 F.2d 1146, 1148 (5th Cir. 1990) (entry of summary judgment mandatory where evidence is lacking on material issue).

Defendant, as the moving party, need only "point to" the absence of a genuine issue of fact regarding any issue on which Plaintiff has the burden of proof. *Celotex*, 106 S.Ct. At 2553. By contrast, Plaintiff, non-moving party with the burden of proof on the merits, must introduce sufficient evidence to establish the existence of all elements essential to his case. *Anderson v.*

2

*Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986). As shown below, there are no material issues of fact concerning the dismissal of claims for wages beyond the statue of limitations. Similarly, there are no material issues of fact concerning exemptions from the overtime wage requirements for sergeants and lieutenants. Therefore, the Court should grant Defendants' Motion for Summary Judgment.

## II.

## ARGUMENTS AND AUTHORITIES

The Fair Labor Standards Act requires that employees be paid at a rate of time and one-half for hours worked over forty (40) in each work week. However, the FLSA provides a partial exemption for public law enforcement personnel (including detention officers) by allowing them to work more than 40 yours per week before overtime begins to accrue. 29 U.S.C. §207(k). Moreover, the FLSA provides a complete exemption from the overtime pay requirements for *bona fide* executive, administrative, and professional employees. 29 U.S.C. §213 (a)(1). As shown below, it is well established law that a plaintiff may not recover for unpaid wages and/or overtime hours which were accrued more than three years preceding the filing of this complaint. Further, as shown below, Plaintiffs who are sergeants and/or lieutenants are managerial employees with authority over a department or subdivision. Therefore, they are exempt from the overtime pay requirements of the FLSA.

### A. Plaintiffs' Claim for Unpaid Wages is Barred By the Statute of Limitations.

The detention officers' claim for unpaid wages which were earned more than three years before the date suit was filed is barred by the statute of limitations. The FLSA expressly states that an action to recover unpaid overtime compensation "shall be forever barred unless

3

commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation[1] may be commenced within three years after the cause of action accrued." 29 U.S.C. §255(a). Under the FLSA, an action is "commenced" **on the date the complaint is filed.** 29 U.S.C. §256. In the case at hand, the Plaintiffs' complaint was filed on November 8, 1996. Therefore, claims for wages allegedly accrued before November 8, 1993 are barred.

Significantly, courts have consistently held that a cause of action for alleged unpaid wages under the FLSA is deemed to accrue "at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Halferty v. Pulse Drug Co. Inc.*, 821 F.2d 261, 271 (5th Cir.) (Citing *Hodgson v. Behrens Drug Co.*, 475 F.2d 1041, 1050-51 (5th Cir.), cert. Denied, 414 U.S. 822 (1973)), modified on other grounds, 826 F.2d 2 (5th Cir. 1987). As shown below, the detention officers never received paychecks or assurances reflecting that hours volunteered as reserve deputies would be compensated either in cash or in compensatory time credit. Thus, Defendants are entitled to summary judgment on Plaintiffs' FLSA overtime claim to the extent that it seeks damages for the failure to pay overtime more than three years prior to the filing of Plaintiffs' Complaint.

Rosa Gomez, who served as the payroll clerk for the Cameron County Sheriff's Department from December 10, 1992 to September 15, 1999, testified that it was her responsibility to collect and verify time sheets for all employees at the Cameron County Sheriff's

---

[1] Defendants maintain that they did not willfully violate the FLSA. However, for the purposes of this Motion only, Defendants do not dispute that the three year statute of limitations is applicable.

Department, including detention officers. (Gomez affidavit, attached as Exhibit "A"). Significantly, Ms. Gomez also maintained the record for compensatory hours earned by detention officers[2]. (Gomez depo. At 18-20, attached as Exhibit "B"). If compensatory time was taken by an officer, Ms. Gomez would delete it from her record. (Gomez depo. at 20). Ms. Gomez further testified that it was generally understood in the Sheriff's Department that detention officers would not receive compensatory time credit for hours worked as reserve deputies. In fact, detention officers were **never** compensated for hours volunteered as reserve deputies. (See Gomez affidavit.)

Significantly, not all detention officers volunteered as reserve deputies. But until 1996, detention officers who wanted to become deputy sheriffs have been volunteering for reserve deputy duty since before the FLSA applied to counties (April 15, 1986), and no detention officer has received comp time or overtime pay for such volunteer reserve deputy time. (See Affidavit of Ronnie Saenz attached as Exhibit "D".) Therefore, Plaintiffs had three years from the work period for which they claim they were supposed to be credited for comp time to file suit. Having failed to do so, Plaintiffs are barred by the statute of limitations from seeking damages for overtime hours worked more than three years prior to the filing of their lawsuit.

Similarly, Plaintiffs claiming more than 40 hours of compensatory time are barred by the statute of limitations. In 1989, the County expressly implemented a policy of not allowing employees to accumulate more than 40 hours of compensatory time off. (See Overtime Compensatory Time Policy, attached as Exhibit "C"). Since compensatory time off could not be

---

[2]The FLSA allows public employers to provide compensatory time off in lieu of overtime pay. 29 U.S.C. §207(o)(2).

substituted when the 40 hour maximum was reached, the County was under an obligation to pay overtime compensation in cash. Thus, employees who allegedly earned more than 40 hours of overtime but not compensated in cash for those hours are barred from claiming compensation unless suit was filed within three years. 29 U.S.C. § 256.

B.  **Sergeants and Lieutenants Are Exempt Employees.**

The FLSA exempts executive, administrative, and professional employees from the minimum wage and overtime pay requirements. 29 U.S.C. §213(a)(1). As shown below, lieutenants and sergeants are executive employees with managerial duties over a department or subdivision and, therefore, their claim for unpaid overtime should be dismissed as a matter of law.

An employee who is paid a weekly salary of $250 or more is an exempt executive if (1) his primary duty consists of managing the enterprise in which he is employed or of a customarily recognized department or subdivision thereof; and (2) he customarily and regularly directs the work of two or more employees 29 C.F.R. §541.1(f). Duties required of an "executive" include: setting and adjusting hours of work; directing, supervising and appraising employees; handling employee complains and grievances; disciplining employees; planning and apportioning work among employees; and providing for the safety of the men and the property. 29 C.F.R. § 541.102(b). An employee's primary duty is management if he devotes a majority (over 50%) of his time to such duties. 29 C.F.R. § 541.103. However, an employee may still be an exempt executive even if he spends less time on management matters; such as employee's status depends on whether his managerial duties are more important than his other duties, how frequently he exercises discretionary powers, and how free he is from supervision. 29 C.F.R. § 541.103. Based on the foregoing factors, and as shown below, it is clear that lieutenants and sergeants qualify for

the executive exemption and, therefore, are not entitled to overtime compensation.

Lieutenant Abel Garcia's testimony clearly shows that lieutenants qualify as executive employees, and, therefore, are exempt from overtime pay. At all relevant times, sergeants and lieutenants were paid a weekly salary in excess of $250, and received more compensation than those they supervised. (See Affidavit of Robert Almon, attached as Exhibit "F"). Additionally, based on Lieutenant Garcia's testimony, lieutenants manage a customarily recognized department or subdivision within the Sheriff's Department (i.e., the detention facility) and regularly direct the work of two or more employees.

Lieutenant Garcia testified that lieutenants are in charge of the day-to-day operation of the entire detention facility to which they are assigned. (Garcia depo. at 26; 42-43, attached as Exhibit "E"). Lieutenants are the ranking officer stationed at their assigned jail, and supervise the sergeant and all other employees who work in the jail. On any given day, lieutenants may have responsibility over as many as twenty eight (28) employees, including the sergeant, shift supervisor, detention officers, booking officers, transportation officers, matrons, laundry personnel, property officer, state certified jailer, cook, runner, and nurses. (See, Deposition of Abel Garcia, pgs. 44-51; 92).

Although Lieutenant Garcia maintains that he does not devote sufficient time to managerial duties, his deposition testimony reveals that he spends very little time on non-managerial duties. Indeed, Lieutenant Garcia testified that he has **never** had to assume the duties of a guard, sergeant, or any other position. (Garcia depo. at 82-83). With regard to performing non-supervisory work, Lieutenant Garcia testified that he has escorted prisoners to the bathroom, escorted prisoners to be released to bailiffs, participated in fire drills, and conducted jail searches.

However, upon cross examination, Lieutenant Garcia testified that, at most, he may spend two mornings each week escorting up to nine prisoners in the holding cell to the bathroom. **Each escort takes approximately a minute and a half to two minutes.** (Abel Garcia depo. at 88-90). Lieutenant Garcia also testified that about as **six times a year** he would help escort prisoners out of the jail so the can attend court. This entails escorting the prisoners along with the bailiffs to the second floor and through the tunnel before allowing the bailiffs to take possession of the prisoners. (Abel Garcia depo at 95-96). Additionally, Lieutenant Garcia testified that he participates in cell searches **once a month**. Lieutenant Garcia is in charge of overseeing the cell searches, and directs the guards where to go. (Abel Garcia depo. at 96-97). Lastly, Lieutenant Garcia complains that his participation in fire drills amounts to non-supervisory work. However, he testified that the drills occur, at most, **two to three times a month**. The fire drills are directed by the sergeant, and no prisoners are allowed to participate. Lieutenant Garcia oversees the fire drill and advises the Sergeant if something is not done properly. (Garcia depo. at 97-99). Other than these instances, Lieutenant Garcia spends the rest of his time supervising. (Abel Garcia depo. at 103-04). Based on the foregoing testimony, it is abundantly clear that lieutenants spend well over fifty percent of their time managing the detention centers. Coupled with the fact that they supervise at least two other employees, lieutenants qualify as executive employees, and, therefore, are exempt from the overtime pay provisions of the FLSA.

Similarly, sergeants qualify under the executive employee exemption because they supervise up to ten detention officers, and are directly responsible for the handling of prisoner issues. (Abel Garcia depo. at 4-5; 8-9). There is one sergeant assigned to each detention center per shift. The sergeants are responsible for organizing, planning, scheduling, assigning, and

8

supervising up to ten (10) detention officers. It is the Sergeant's responsibility to make sure that the jail is being run in an organized manner and, to this regard, he/she must monitor the jail facility and prisoner activities to prevent disruptive incidents. Sergeants also assign the areas where detention officers work, and are responsible for insuring that adequate detention personnel are on duty at all times. (Abel Garcia depo. at 11; 87-88). If a detention officer requests a day off, the sergeant may approve or disapprove the leave. Also, if there is a complaint or problem during the shift, the sergeant takes care of the issue. (Abel Garcia depo. at 12-13). Moreover, during the night shifts, sergeants are the highest ranking officer on duty at the jail. (Abel Garcia depo. at 26). Based on the foregoing facts, it is clear that sergeants are responsible for managing prisoner issues, and supervise up to ten detention officers. Since they manage a subdivision and supervise more than two employees, sergeants qualify as executive employees, and are exempt from the overtime pay provisions of the FLSA

## IV.

## CONCLUSION

The Court should dismiss Plaintiffs' claims for unpaid wages which were accrued there years before the filing of their lawsuit because such claims are barred by the statute of limitations. It is well established law that an injury under the FLSA occurs when employees are issued paychecks that do not include compensation for overtime worked during the prior pay period. The undisputed evidence shows that it is generally understood in the Sheriff's Department that detention officers would not receive compensatory time credit for hours worked as reserve deputies. Indeed, since prior to the application of the FLSA to counties in 1986, detention officers have not been paid, or credited with compensatory time, for hours worked as reserve

9

deputies. Having failed to file their complaint for unpaid wages within three years after the period in which they were not compensated (either paid or given comp time) for the volunteer hours alleged worked, Plaintiffs' claim for damages more than three years prior to the filing of Plaintiffs' Complaint, is barred. Similarly, Plaintiffs claiming over 40 hours of compensatory time which were accrued three years prior to the filing of suit should be barred by the statute of limitations because, according to County policy, compensatory hours cannot exceed 40 hours. Thus, employees who allegedly earned more than 40 hours of overtime but not compensated in cash for those hours are barred from claiming compensation unless suit was filed within three years. Finally, the Court should dismiss claims for overtime pay by sergeants and lieutenants because they qualify as managerial employees with authority over a department or subdivision. As such, sergeants and lieutenants are exempt from the overtime pay provisions of the FLSA.

## V.

## REQUEST FOR RELIEF

For the foregoing reasons, Cameron County, Texas (including the Sheriff in is official capacity) respectfully request that the Court grant its Motion for Partial Summary Judgment, and that Defendant be given all other relief to which it are justly entitled.

Respectfully submitted,

Commissioners Court Civil Legal Department
Cameron County Courthouse
964 E. Harrison Street
Brownsville, Texas 78520
Telephone: (956) 550-1345
Fax: (956) 550-1348


Richard O. Burst
Attorney in Charge
Texas State Bar No. 00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar No. 00786516
S.D. No. 17065

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been sent to counsel for Plaintiff:

James A. Herrmann
1205 E. Tyler Avenue
P.O. Box 2541
Harlingen, Texas 78551-2541

by placing a copy of the same, properly wrapped and addressed, in the United States mail, first class, postage paid, certified, return receipt requested, this 4th day of April, 2000.

Richard O. Burst

11