207

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED
OCT 16 2000
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| EDWARD ALCALA, et. al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. B-96-203 |
| § | |
| ALEX PEREZ, in his official capacity § | |
| Sheriff of Cameron County, Texas and § | |
| Cameron County, Texas, § | |
| § | |
| Defendants. § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion for Partial Summary Judgment (Docket No. 201) as well as Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment and Plaintiffs' Motion for Partial Summary Judgment (Docket No. 205). In addition, Defendants have filed a Reply to Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment and Plaintiffs' Motion for Partial Summary Judgment (Docket No. 206). Defendants' motion concerns current and former Cameron County detention officers who claim unpaid compensation for hours they volunteered to work as reserve deputy sheriffs. Defendants have moved for summary judgment asserting that the detention officers' claims for overtime prior to November 8, 1993 are barred by the statute of limitations. Defendants further assert that plaintiffs who hold the rank of sergeant or lieutenant are exempt from the Fair Labor Standards Act's ("FLSA") overtime pay requirement. Plaintiffs in their Motion for Partial Summary Judgment allege that the detention officers' claims are not time barred and that sergeants and lieutenants are not exempt from the FLSA's overtime

1

requirements. For the reasons discussed below, defendants' motion is granted in part and denied in part.

## I. FACTUAL SUMMARY

The following factual summary is derived from a reading of the aforementioned motions and pleadings. Cameron County Sheriff's Department had a practice of fulfilling its manpower needs by recruiting reserve deputies to volunteer to work as patrol officers. Many Cameron County jail detention officers volunteered for patrol duty under the belief that this would aid their chances for promotion. The County did not compensate detention officers for their reserve deputy time either in cash or in compensatory time.

The FLSA generally requires employers to pay employees at overtime rates for work in excess of forty hours per workweek. *See* 29 U.S.C. § 207(a)(1). However, the Act contains an exemption for public employers who employ police officers and firefighters for established work periods of up to twenty-eight days. *See* 29 U.S.C. § 207(k). Under the Secretary of Labor's implementing regulations, a work period is defined as "any established and regularly recurring period of work." 29 C.F.R. § 553.224. Public employers who establish fourteen-day work periods under § 207(k) need not pay overtime rates to employees who work eighty-six hours or less in a particular work period. *See* 29 C.F.R. §§ 553.201(a), 553.230(c). The FLSA does not permit an individual to perform hours of volunteer service for a public agency when such hours involve the same type of services which the individual is employed to perform for the same public agency. *See* 29 C.F.R. §§ 553.101-02. On November 8, 1996, plaintiffs filed suit seeking, among other things, compensation for the hours they volunteered as reserve deputies.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and the evidence show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986); *Melton v. Teachers Ins. & Annuity Assoc. of Am.*, 114 F.3d 557, 559 (5th Cir. 1997). The applicable substantive law identifies those facts that are material and only disputes about those facts will preclude the granting of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is a genuine issue of fact if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *See Society of Fin. Examiners v. Nat'l Ass'n of Certified Fraud Examiners, Inc.*, 41 F.3d 223, 226 (5th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of fact for trial. *See National Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 712 (5th Cir. 1994). Where the nonmoving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing an absence of evidence in support of the nonmoving party's case. *See Celotex*, 477 U.S. at 325. Once a properly supported motion for summary judgment is presented, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See Elliott v. Lynn*, 38 F.3d 188, 190 (5th Cir. 1994) (*citing Anderson*, 477 U.S. at 249). All reasonable doubts and inferences must be decided in the light most favorable to the party opposing the motion. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). Nonetheless, it takes more than "some metaphysical doubt as to the material facts" to satisfy this burden. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). The nonmoving party cannot avoid

summary judgment with only conclusory allegations or unsubstantiated assertions. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990); *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994). Summary Judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322

In addition, defendants have the burden of affirmatively showing that plaintiffs come within the exceptions to the FLSA's overtime provisions. *See Foremost Dairies, Inc., v. Wirtz*, 381 F.2d 653, 656 n. 4. (5th Cir. 1967).

### III. RECOMMENDATION

#### A. FLSA Statute of Limitations

An action to recover unpaid overtime compensation must be "commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). An action is "commenced," under the FLSA, on the date the complaint is filed, subject to certain exceptions. *See* 29 U.S.C. § 256. A cause of action is deemed to accrue, as a general rule, "at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Halferty v. Pulse Drug Co., Inc.*, 821 F.2d 261, 271 (5th Cir. 1987), modified on other grounds, 826 F.2d 2 (5th Cir. 1987). In the instant case, plaintiffs filed their complaint on November 8, 1996. Cameron County asserts that the claims for overtime prior to November 8, 1993 are time barred.[1]

---

[1] Defendant Cameron County maintains that it did not willfully violate the FLSA. However, for the purposes of this summary judgment motion only, defendant does not dispute that the three year statute of limitations is applicable.

4

Plaintiffs rely on *Heaton v. Moore*, 43 F.3d 1176 (8th Cir. 1994) for the proposition that their cause is not barred because unpaid hours were automatically "banked" as compensatory time off, and, therefore, the statute of limitations does not run until such time as employment is terminated. This argument is without merit. In *Heaton*, the Missouri Department of Corrections ("DOC") forced employees, against their wishes, to use accrued compensatory time at times scheduled solely by the employer. The Eighth Circuit Court of Appeals held that the policy violated the FLSA. *See Heaton*, 43 F.3d at 1179. Because the DOC employees were allowed to "bank" compensatory time in what amounted to an employee-owned savings account of compensatory time, the DOC violated 29 U.S.C. 207(o)(5), which gives the *employee* the right to access and control banked time.[2] *See id.*

Plaintiffs argue that under this "bank" analogy, the statute of limitations would not begin to run until the employee's termination, at which time the accrued time would be "cashed out." However, the present case is factually distinguishable from *Heaton*. The *Heaton* plaintiffs had an agreement with their employer that they would receive compensatory time in exchange for overtime worked, whereas plaintiffs in the instant case were never led to believe that they would be compensated for their volunteer time. Indeed, the facts of this case affirmatively show that while plaintiffs regularly received compensatory time for performing their normal duties, they were always on notice that no compensation would be given for time spent working as patrol officers. As such, plaintiffs' claim for hours worked accrued at each regular payday immediately following the work period during which the services were rendered. *See Halferty*, 821 F.2d at 271. The *Heaton* court addressed the question of who has the right to access and control banked compensatory time; this

---

[2]*Heaton v. Moore* has been overruled by *Christensen v. Harris County*, 120 S.Ct 1655 (2000) (holding that § 207(o)(5) of the FLSA, requiring public employer to honor employee's reasonable request to use compensatory time, did not prohibit employer from forcing employees to use accrued compensatory time).

5

Court declines to extend the holding in *Heaton* to statute of limitations questions. Accordingly, plaintiffs' claim for unpaid wages earned more than three years prior ro the filing of their complaint is barred as a matter of law.

Cameron County also asserts that its policy of not allowing employees to accumulate more than forty hours of compensatory time triggered the three-years statute of limitations for those plaintiffs claiming more than forty hours. Plaintiffs argue, in turn, that this limit runs counter to federal acts and regulations. Because the Court has found that the statute of limitations bars all plaintiffs from claiming overtime accrued prior to November 8, 1993, *see supra*, the question of whether the forty-hour compensatory time policy also triggers the statute of limitations for some of the plaintiffs is mooted.

### B. Executive Exemption

Defendants maintain that sergeants and lieutenants are exempt executive employees pursuant to 29 U.S.C. § 213(a)(1). It is the defendants' burden to establish that the executive employee exemption applies to the complainants. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974). Moreover, exemptions under § 213(a) are to be narrowly construed in order to further Congress's intent to provide broad federal protection for employees. *See Mitchell v. Lubin, McGaughy & Assocs.*, 358 U.S. 207, 211 (1959); *Guthrie v. Lady Jane Collieries, Inc.*, 722 F.2d 1141, 1143 (3d Cir. 1983). The County must demonstrate that its employees fit "plainly and unmistakably within [the exemption's] terms and spirit." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960).

Section 213(a)(1) of the FLSA specifically provides that the FLSA requirements set forth in § 207 shall not apply to "employee[s] employed in a bona fide executive ... capacity." 29 U.S.C. §

6

213(a)(1). The regulations provide both a short test and a long test for determining whether an employee is employed in a bona fide executive capacity under § 213(a)(1). *See* 29 C.F.R. § 541.1(f). The short test applies where an employee earns more than $250 per week. *See id.*; *Shockley v. City of Newport News*, 997 F.2d 18, 25 (4th Cir. 1993). It is uncontested that all sergeants and lieutenants are paid an amount well in excess of $250 per week. Therefore, the short test applies to the present case.

Under the short test, an employee is considered an executive employee if the following conditions are met: (1) the employee is compensated on a salary basis; (2) his or her primary duty consists of managing the enterprise in which he or she is employed or a customarily recognized department or subdivision thereof; and (3) he or she regularly directs the work of two or more employees. *See* 29 C.F.R. § 541.1(f); *Guthrie*, 722 F.2d at 1144. The first element of the definition has been described by the courts as the "salary basis test", whereas the second and third elements have been referred to as the "duties test ." *See York v. City of Wichita Falls, Tex.*, 944 F.2d 236, 241-42 (5th Cir. 1991). Defendants must satisfy both tests to benefit from the exemption.

### 1. The Salary Basis Test

Under the DOL regulations,

> [a]n employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked.

29 C.F.R. § 541.118(a).

7

Plaintiffs argue that Cameron County's policy of utilizing partial day deductions, whereby an officer is docked leave time for absences of less than one work-day, is inconsistent with the notion of a salaried employee under DOL regulations and applicable caselaw.

### a. Partial Day Deductions

The impact of partial day deductions on a municipal employer's "executive employee" exemption argument has been widely litigated and has produced a divergence of views. Under § 541.118(a), an employee is paid on a salary basis if, *inter alia*, the employee is paid an amount which is "not subject to reduction because of variation in the quality or quantity of the work performed." 29 C.F.R. § 541.118(a). In general, salary status is not affected when deductions are made for absences of a day or more where the absence is due to sickness or was taken for personal reasons. *See* 29 C.F.R. § 541.118(a)(2) & (3); *Michigan Ass'n of Gov't Employees v. Michigan Dep't of Corrections*, 992 F.2d 82, 84 (6th Cir. 1993). In contrast, the regulations do not provide an exception for absences of less than a day. As the Sixth Circuit observed, "courts have interpreted this silence to mean that pay deductions for absences of less than a day are inconsistent with salary status." *Michigan Ass'n of Gov't Employees*, 992 F.2d at 84; *see also Abshire v. County of Kern*, 908 F.2d 483 (9th Cir. 1990); *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 652 (2nd Cir. 1983).

In a July 17, 1987 letter ruling interpreting agency regulations, the Department of Labor stated that while deductions in salary are not permitted for absences of less than a day, an employer may require an employee to substitute paid leave for such absences without losing the exemption. *See* Administrative Letter Rulings: Department of Labor, Wage and Hour Division, July 17, 1987. The evidence before the Court shows that Cameron County only made deductions for partial day

8

absences from an officers' accrued compensatory time. Partial day absences never resulted in an actual pay deduction.

Moreover, reacting to strong public considerations militating against paying public employees for time not spent working, the DOL promulgated an interim rule, which provided that public employees who otherwise qualified as salaried employees and were exempt from the overtime provisions of the FLSA would not be disqualified solely because they are subject to partial day deductions. The interim rule was adopted on September 6, 1991, 56 Fed. Reg. 45,826, and was made final, without material alteration, on August 19, 1992. *See* 57 Fed. Reg. 37,678. The regulation provides as follows:

> An employee of a public agency who otherwise meets the requirements of § 541.118 shall not be disqualified from exemption under §§ 541.1, 541.2, or 541.3 on the basis that such employee is paid according to a pay system established by statute, ordinance or regulation, or by a policy or practice established pursuant to principles of public accountability, under which the employee accrues personal leave and sick leave and which requires the public agency employee's pay to be reduced or such employee to be placed on leave without pay for absences for personal reasons or because of illness or injury of less than one work-day when accrued leave is not used by an employee because – (1) permission for its use has not been sought or has been sought and denied; (2) accrued leave has been exhausted; or (3) the employee chooses to use leave without pay.

29 C.F.R. § 541.5d. Because 29 C.F.R. § 541.5d has been in effect since August 19, 1992, and because plaintiffs are time barred from claiming overtime accrued prior to this date, *see supra*, the Court finds that defendants are not deprived of the executive exemption merely because employees were charged with partial day deductions.

Finally, in order to preclude exemption, there needs to be an express policy that an employee's actual pay will be reduced due to partial day absences. *See Cowart v. Ingalls Shipbuilding, Inc.*, 213 F.3d 261, 266 (5th Cir. 2000). Under *Auer v. Robbins*, there must be "an actual practice of making

9

such deductions or an employment policy that creates a 'significant likelihood' of such deductions." *Auer v. Robbins*, 519 U.S. 452, 461 (1997). The Court recognizes that there is unrebutted testimony to the effect that sergeants and lieutenants were never actually docked pay due to a partial day absence. While the payroll clerk kept track of absences, she had no authority to make deductions from paychecks. As long as an officer turned in a time sheet, the officer was qualified to receive a full paycheck. Therefore, no "actual practice" exists. In other words, plaintiffs' argument that they were subject to partial day deductions is based on a record-keeping procedure that never affected their paychecks. Similarly, it is doubtful that there was a "significant likelihood" that the plaintiffs' salaries would be reduced. Because defendants have never made any such salary deduction, plaintiffs have no reason to believe that there was a "significant likelihood" that such deductions would begin with them. *See Cowart*, 213 F.3d at 266. Accordingly, the Court finds that plaintiffs qualify as salaried employees.

### 2. The Duties Test

Plaintiffs argue that their primary duty is not management, and that, accordingly, they are not "executive employees." The Third Circuit has found the DOL's regulations to be instructive in defining the term "primary duty". *See Guthrie*, 722 F.2d at 1144. In *Guthrie*, the court cited § 541.103 as the defining standard. *See id.* Under *Guthrie*,

> a determination of whether an employee has management as his primary duty must be based on all the facts in a particular case. The amount of time spent in the performance of the managerial duties is a useful guide in determining whether management is the primary duty of an employee. In the ordinary case it may be taken as a rule of thumb that primary duty means the major part, or over 50 percent of the employee's time. Thus, an employee who spends over 50 percent of his time in management would have management as his primary duty. Time alone, however, is not the sole test, and in situations where the employee does not spend over 50 percent of his time in managerial duties, he might nevertheless have management as his

>primary duty if the other pertinent factors support such a conclusion. Some of these pertinent factors are the relevant importance of the managerial duties as compared with other types of duties, the frequency with which the employee exercises discretionary powers, his relative freedom from supervision, and the relationship between his salary and the wages paid other employees for the kind of nonexempt work performed by the supervisor.

*Id.* (quoting 29 C.F.R. § 541.103).

The current record does not enable the Court to determine, as a matter of law, whether the plaintiffs' "primary duty" is management. Whether a particular duty is managerial is a legal question "governed by the pertinent regulations promulgated by the Wage and Hour Administrator." *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986). In contrast, the amount of time devoted to managerial duties, and the significance of those duties, present factual questions. *See id.* (concluding that deviation from 50% "rule of thumb" ... requires consideration of the factual circumstances for which a jury is more appropriate); *Shockley*, 997 F.2d at 26.

Defendants have offered deposition testimony which would support a finding that the sergeants' and lieutenants' duties are managerial and supervisory in nature. However, plaintiffs have also offered deposition excerpts that depict the sergeants' and lieutenants' job duties as being similar to the day-to-day duties of jailers. As it stands, the Court cannot ascertain the percentage of work spent on managerial duties, nor can it determine each class of officer's relative freedom from supervision or the relative importance of managerial duties as compared with other activities. These determinations must await a fuller airing of the evidence. Because the Court cannot determine whether sergeants and lieutenants meet the "duties test," it cannot determine, at this stage of the litigation, whether they are exempt "executive employees" under Section 13(a).

11

After reviewing the deposition testimony, as well as the parties' statements of facts and arguments, the Court has concluded that genuine issues of material fact still exist regarding whether the primary duty of sergeants and lieutenants is management. If the officers' primary duty is not management, defendant is not entitled to the exemption. *See Guthrie*, 722 F.2d at 1145 (being "in charge" does not necessarily mean that an employee has a primary duty of management). Inasmuch as genuine factual issues remain to be decided before defendant's entitlement to the bona fide executive exemption can be determined, the Court cannot grant summary judgment to either party on the issue of executive exemption.

IT IS therefore **RECOMMENDED** that Cameron County's Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 56(c) be **GRANTED** as to the statute of limitations claims and be **DENIED** as to the executive exemption claims.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 13th day of October, 2000.

John Wm. Black
United States Magistrate Judge