2⁰⁸

United States District Court
Southern District of Texas
FILED

OCT 2 6 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EDWARD ALCALA, et al., §
§          CIVIL ACTION NUMBER
Plaintiffs, §
§              **B-96-203**
vs. §
§
ALEX PEREZ, in his official capacity as §
Sheriff of Cameron County, Texas and §
Cameron County, Texas, §
§
Defendants. §

## PLAINTIFFS' OBJECTIONS TO THE REPORT
## AND RECOMMENDATION OF THE MAGISTRATE

Plaintiffs hereby object to some of the Report and Recommendation of the

Magistrate and in support of said objections would respectfully show the following:

1. Plaintiffs object to the factual and legal conclusion that employees who were

employed on November 8th, 1993 and who were still employed after November 8th,

1996 and who had banked compensatory time accrued as of November 8th, 1993 are

excluded by the FLSA three year statute of limitations.

2. At page 5, the court states that:

"plaintiffs in the instant case were never led to believe that they would be
compensated for their volunteer time. Indeed, the facts of this case

affirmatively show that while the plaintiffs regularly received compensatory time for performing their normal duties, they were always on notice that no compensation would be given for time spent working as patrol officers. As such, plaintiffs' claim for hours worked accrued at each regular pay day immediately following the work during which the services were rendered." Citing, *Halferty,* 821 F.2d at 271.

3. Plaintiffs submit that this conclusion has FLSA policy and regulations backwards. The Report concludes in affect that because defendant unlawfully failed to pay for compensatory time for the "volunteer" time that was worked by jail personnel and the employees accepted this fact, then the employee somehow waived their claim to compensatory time even though this time was recorded. This simply buys whole hog the defendant's argument that noncompliance with the statute by the employer is a virtue which should be rewarded. Whether the employees accepted the fact, through ignorance or coercion, that they would not be paid compensatory time is irrelevant. The employer has the obligation to record time worked, to pay required overtime, and, employees may not waive their rights under the Fair Labor Standards Act.[1] *Brooklyn Savings Bank vs. O'Neil,* 324 U.S. 697 (1945).

---

[1] Contrary to the Report's assertion at footnote 2 at page 5, *Christensen vs. Harris County,* 120 S.Ct. 1655 (2000) did not overrule *Heaton vs. Moore* as to the concept of "banking". In fact, *Christensen* accepted the notion that overtime earnings belonged to the employee. While *Christensen* does make it clear that a public employer may require an employee to take compensatory time before vacation time, *Christensen* by no means held that comp time cannot be in the bank or does not belong to the employee once earned. In fact, the *Christensen* court rejected the 5th Circuit's language to that effect in its opinion below.

2

4. Plaintiffs here were not attempting to "bust" the statute of limitations. Plaintiffs' position is consistent with the implementing regulations and the Department of Labor's interpretation of the concept of banking. All of the plaintiffs' hours earned prior to November 8th, 1993 were in the bank on November 8th of 1993.

5. The Report completely ignores and gives no deference or even lip service or mention to the Department of Labor's interpretation of the banking regulations under the FLSA as applicable to this case. The Department of Labor's interpretation letter obviously supports the plaintiffs' position and is directly on point and should have been given due deference, or at least not ignored.

6. Similarly, the Report ignores the regulations implementing the payment of compensatory time. 29 C.F.R. § 553.27. The focus of § 553.27(a) is not upon the accrual date of compensatory time but upon the point in time at which the employee receives payment. "Compensatory time earned ... may be made at any time and shall be paid at the regular rate earned by the employee at the time the employee receives the payment." This has to be the case because compensatory time or pay is deferred remuneration. Comp time earned cannot always be taken or paid near the time that it is earned (and seldom is). Section 553.27 states that "upon termination of employment, an employee shall be paid for unused compensatory time earned after April 14th, 1986." There is no limitation on when the comp time is earned just that it can be <u>paid</u> at any

3

time. The regulation does not address any accrual date other than April 14th of 1986. This is not inconsistent with the three year statute of limitation. Certainly if an employee left the public service with compensatory time in the bank, he or she would have to comply with the applicable statute of limitations to claim the banked time. In other words, termination from employment closes the account. In this case, we are not talking about employees who have left employment with the County and who would be barred if they had not made a claim within three years of termination. We are concerned with employees who were employed <u>on</u> November 8th of 1993 who had a rolling bank account of compensatory time and who were employed during the period November 8th, 1993 or after. Just because the defendant in this case did not keep adequate payroll records and did not designate volunteer time as compensable time (unlawfully) does not mean that the time was not earned and that it should not be paid for all employees who had accrued said time as of November 8th, 1993.

6. ***Halferty vs. Pulse Drug Co., Inc.,*** 821 F.2d 261, 271 (5th Cir. 1987) cited in the Report is not inconsistent with the plaintiffs' position. ***Halferty*** was not applied in a compensatory time situation. A distinction should be made as to the accrual of a cause of action for FLSA purposes as to opposed to the accrual of compensatory time for FLSA purposes and when it is required to be paid.

4

**WHEREFORE,** plaintiffs pray that the Magistrate withdraw that portion of its Report and Recommendation relating to the disallowance of compensatory time for those plaintiffs who were employees on November 8th of 1993 who had accrued compensatory time and who were employed during the period November 8th, 1993 through November 8th, 1996 and reissue the Report consistent with the above.

Respectfully submitted,

BY:_____
GEORGE P. POWELL
State Bar No.  16196000
Fed. I.D. No.  3849
"Attorney In Charge"
**HINOJOSA & POWELL, P.C.**
612 Nolana, Ste. 410
McAllen, TX  78504
(956) 686-2413
Fax No.  (956) 686-8462

JAMES A. HERRMANN
State Bar No.  09541500
Fed. I.D. No.  3824
1205 E. Tyler Avenue
Harlingen, TX  78550
(956) 421-5776
Fax No.  (956) 421-5779

5

JOE VALLE
State Bar No.  20435450
Fed. I.D. No.  11422
1120 E. 10th Street
Brownsville, Texas  78520
(956) 546-2829
Fax No.  (956) 542-4084

PATRICIA A. HERNANDEZ
State Bar No.  00790874
Fed. I.D. No.  18085
117 E. Price Rd.
Brownsville, TX  78521
(956) 541-9001
Fax No.  (956) 550-9553

## CERTIFICATE OF SERVICE

I, GEORGE P. POWELL, do hereby certify that on this the 26TH day of October, 2000, I caused to be faxed and mailed a true and correct copy of Plaintiffs' Objections to Report & Recommendation of the Magistrate to defendants' attorney of record:

Mr. Richard O. Burst
**Legal Division Commissioners' Court**
964 E. Harrison St.
Brownsville, TX  78520

_____
GEORGE P. POWELL

6