IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 7 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| EDWARD ALCALA, et.al., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NUMBER B-96-203 |
| ) | |
| ALEX PEREZ, in his official capacity ) | |
| as Sheriff of Cameron County, Texas, ) | |
| and CAMERON COUNTY, TEXAS, ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION

The fallacy of Plaintiffs' argument in their Objection is that if their argument is accepted, the exclusive conclusion would be that the statute of limitations has no applicatiion to claimed compensatory time.

We concede that once the time is in the bank, the statute of limitation does not apply. That is, if an reserve deputy had claimed he or she worked four hours overtime by virtue of reserve patrol duty and the County agreed, the six hours of comp time would have been credited to that employee; that would be in the bank and the employee would be entitled to it thereafter.

But, if the statute of limitations has any meaning it must apply when the time is not recorded as overtime, is not treated as overtime, is not banked or paid as overtime, and no one complains until after the statue has run.

Example, assume the following for the sake of argument: A deputy sheriff was required to work about twenty extra hours during the threat of the 1989 hurricane that hit the coast of Mexico. The County knew he worked, he knew he worked, the FLSA requires the County to record his time and award comp time accordingly, but for whatever reason the County did not

record it. He sues in November of 1996 for that unpaid time. What's the result? The statute of limitation prevents recovery.

In this case we have jailer/reserve deputies claiming reserve time back at least as far as 1988. The County knew they worked reserve time, the jailer/reserve deputies knew they worked, the FLSA requires the County to record their time and award comp time accordingly, but for whatever reason the County did not record it. They sue in November of 1996 for that unpaid time. What is the result? Consistent with the Magistrate Judge's Report and Recommendation, the statute of limitations prevents recovery.

The issue here is not a "waiver" issue. The issue is "awarded compensable time". The facts do not support that the reserve deputy time was ever treated or recorded as compensable time. In order to toll the statue of limitations, Plaintiffs had to file suit. They did so in November of 1996.

Neither is it significant that the Plaintiffs either told the County they worked the time or turned in time sheets (if they did), they knew the County was neither paying reserve time nor recording it as compensatory time. And when, as the Magistrate Judge pointed out, the pay period ended the statue started to run.

Plaintiffs make a bold assumption in Paragraph 4 of their Objection that: "All of the plaintiffs' hours earned prior to November 8th, 1993, were in the bank on November 8th, 1993." This assumption is not supported by any evidence.

WHEREFORE, Defendant prays that the Magistrate Judge's Report and Recommendation be accepted by the District Court.

Respectfully,

For Cameron County

Cameron County Civil Legal Department
964 East Harrison Street
Brownsville, Texas 78578
(956) 550 1345
(956) 550 1348 (Facsimile)

BY: _____
Richard O. Burst
Attorney In Charge
Texas State Bar #00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786516
S.D. No. 17065

## CERTIFICATE OF SERVICE

I, Richard O. Burst do hereby certify that on this 27th day of October, 1998, a true and correct copy of the foregoing Response has been mailed, certified, return receipt requested to:

James R. Herrmann
P.O. Box 2541
Harlingen, Texas 78550-2541

George P. Powell
HINOJOSA & POWELL, P.C.
612 Nolana, Suite 410
McAllen, Texas 78504

_____
Richard O. Burst