213

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 15 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| EDWARD ALCALA, et.al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER B-96-203 |
| | ) | |
| ALEX PEREZ, in his official capacity | ) | |
| as Sheriff of Cameron County, Texas, | ) | |
| and CAMERON COUNTY, TEXAS, | ) | JURY DEMAND |
| Defendant. | ) | |

## CAMERON COUNTY'S MOTION
## FOR
## PARTIAL SUMMARY JUDGMENT
## ON
## STATUTE OF LIMITATIONS

Cameron County, Texas (including the Sheriff in his official capacity), pursuant to Rule 56

of the Federal Rules of Civil Procedure, file this Motion for Partial Summary Judgment and Brief

in Support as follows:

### BACKGROUND

This lawsuit involves a claim under the Fair Labor Standards Act ("FLSA") for alleged

unpaid wages. All of the wages claimed by the following list of Plaintiffs is for time worked prior

to the three year statute of limitation. (See, attached affidavit.)

459 35 0793 Anzaldua, Joe I.
453 47 7089 Armendariz, Roy R.
464 49 7320 De Los Santos, Alfred III
453 37 1542 Garcia, Gregorio
460 21 4915 Garcia, Jose Alberto
460 47 2643 Garcia, Omar
449 06 6024 Garcia Patricio M.
465 70 8198 Garza, Rogelio

1

463 26 2629 Gomez, E. C.
463 39 4101 Johnson, Robert D.
466 31 8974 Rivas, Rolando
467 46 3619 Rocha, Jose A.
462 35 7571 Rodriguez, Amadeo
460 35 5482 Rodriguez, Ricardo
458 67 0956 Sanchez, Eduardo M.
466 21 1716 Vallejo, Martin A.
459 21 0805 Velasco, Enedina

## SUMMARY JUDGMENT STANDARD

The Standard for summary judgment is well settled. Rule 56(c) of the Federal Rules of

Civil Procedure requires that a court enter summary judgment, after adequate time for discovery

and upon motion, against a party who fails "to establish the existence of an element essential to

that party's case, and as to which that party will bear the burden of proof." *Celotex Corp. v.*

*Catrett*, 106 S.Ct. 2548, 2552 (1986); *Crescent Towing & Salvage Co. v. M/V Anax*, 40 F.3d 741

(5th Cir 1995). Indeed, the United States Supreme Court has stated that:

> "Summary Judgment procedure is properly regarded not as a disfavored procedural
> shortcut, but rather as an integral part of the federal rules as a whole, which are designed
> "to secure the just, speedy, and inexpensive determination of every action." Celotex, 106
> S.Ct at 2555; *See also, Overseas Inns, S.A. v. Unites States,* 911 F.2d 1146, 1148 (5th Cir.
> 1990) (entry of summary judgment mandatory where evidence is lacking on material
> issue).

Defendant, as the moving party, need only "point to" the absence of a genuine issue of fact

regarding any issue on which Plaintiff has the burden of proof. *Celotex*, 106 S.Ct. At 2553. By

contrast, Plaintiff, non-moving party with the burden of proof on the merits, must introduce

sufficient evidence to establish the existence of all elements essential to his case. *Anderson v.*

*Liberty Lobby, Inc.,* 106 S.Ct. 2505, 2511 (1986). As shown below, there are no material issues

of fact concerning the dismissal of claims for wages beyond the statue of limitations. Similarly,

2

there are no material issues of fact concerning exemptions from the overtime wage requirements for sergeants and lieutenants. Therefore, the Court should grant Defendants' Motion for Summary Judgment.

**ARGUMENTS AND AUTHORITIES**

Claims for unpaid wages which were earned more than three years before the date suit was filed is barred by the statute of limitations. The FLSA expressly states that an action to recover unpaid overtime compensation "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation[1] may be commenced within three years after the cause of action accrued." 29 U.S.C. §255(a). Under the FLSA, an action is "commenced" on the date the complaint is filed. 29 U.S.C. §256. In the case at hand, the Plaintiffs' complaint was filed on November 8, 1996. (See, atttached affidavit.) Therefore, claims for wages allegedly accrued before November 8, 1993 are barred.

Courts have consistently held that a cause of action for alleged unpaid wages under the FLSA is deemed to accrue "at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Halferty v. Pulse Drug Co. Inc.*, 821 F.2d 261, 271 (5th Cir.) (Citing *Hodgson v. Behrens Drug Co.*, 475 F.2d 1041, 1050-51 (5th Cir.), cert. Denied, 414 U.S. 822 (1973)), modified on other grounds, 826 F.2d 2 (5th Cir. 1987). The above list of Plaintiffs have not been employed with Defendant for more than three years prior to the filing of the Complaint in this case. Thus,

---

[1]Defendants maintain that they did not willfully violate the FLSA. However, for the purposes of this Motion only, Defendants do not dispute that the three year statute of limitations is applicable.

3

Defendants are entitled to summary judgment on these Plaintiffs' FLSA overtime claim.

WHEREFORE, for the foregoing reasons, Cameron County, Texas (including the Sheriff in is official capacity) respectfully request that the Court grant its Motion for Partial Summary Judgment, dismiss with prejudice the Plaintiffs listed above, and that Defendant be given all other relief to which it are justly entitled.

Respectfully submitted,

Commissioners Court Civil Legal Department
Cameron County Courthouse
964 E. Harrison Street
Brownsville, Texas 78520
Telephone: (956) 550-1345
Fax: (956) 550-1348

Richard O. Burst
Attorney in Charge
Texas State Bar No. 00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar No. 00786516
S.D. No. 17065

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been sent to counsel for Plaintiff:

James A. Herrmann

4

1205 E. Tyler Avenue
P.O. Box 2541
Harlingen, Texas 78551-2541

by placing a copy of the same, properly wrapped and addressed, in the United States mail, first
class, postage paid, certified, return receipt requested, this____16____ day of November, 2000.

Richard O. Burst

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EDWARD ALCALA, et.al.,                )
    Plaintiffs,                        )
                                       )
v.                                    )          CIVIL ACTION NUMBER B-96-203
                                       )
ALEX PEREZ, in his official capacity   )
as Sheriff of Cameron County, Texas,   )
and CAMERON COUNTY, TEXAS,             )          JURY DEMAND
    Defendant.                         )

## AFFIDAVIT OF ROBERT ALMON

STATE OF TEXAS

COUNTY OF CAMERON

Before me, the undersigned notary public, on this day personally appeared Robert Almon, who is known to me, and first being duly sworn on his oath said:

1.      My name is Robert Almon.  I am over twenty one years old, am of sound mind and competent in all respects to make this affidavit.  I have never been convicted of a felony or any crime involving moral turpitude.  I have personal knowledge of the facts stated in; this affidavit and they are true and correct.

2.      I am the Cameron County First Assistant Auditor.

3.      The following ex-employees terminated their employment with the Sheriff's Office of Cameron County, Texas, prior to November 7, 1993.

      459 35 0793 Anzaldua, Joe I.
      453 47 7089 Armendariz, Roy R.
      464 49 7320 De Los Santos, Alfred III
      453 37 1542 Garcia, Gregorio
      460 21 4915 Garcia, Jose Alberto
      460 47 2643 Garcia, Omar
      449 06 6024 Garcia Patricio M.
      465 70 8198 Garza, Rogelio
      463 26 2629 Gomez, E. C.

ClibPDF - www.fastio.com

463 39 4101 Johnson, Robert D.
466 31 8974 Rivas, Rolando
467 46 3619 Rocha, Jose A.
462 35 7571 Rodriguez, Amadeo
460 35 5482 Rodriguez, Ricardo
458 67 0956 Sanchez, Eduardo M.
466 21 1716 Vallejo, Martin A.
459 21 0805 Velasco, Enedina

Further affiant saith not.

Robert Almon

BEFORE ME, the undersigned notary public, on this day personally appeared Robert Almon, who, being first by me duly sworn, upon his oath deposed and said that he is the affiant that he has read the foregoing document and that the statements contained therein are within his personal knowledge and are true and correct, and I personally know or have verified the identity of the affiant by a current identification card or other document used by a state or federal government containing a photograph and the signature of the affiant.

SUBSCRIBED AND SWORN TO before me on this _15th_ day of November1, 2000, by the affiant.

> DORA CORONA
> Notary Public
> STATE OF TEXAS
> My Comm. Exp. 08-03-2004

Notary Public
in and for the State of Texas

Commission expires: _8-3-2004_

[seal]